

IN THE CIRCUIT COURT FOR
THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.:

SIGNATURE PHARMACY, INC., a
Florida corporation; ROBERT STAN
LOOMIS, an individual; KENNETH
MICHAEL LOOMIS, an individual;
NAOMI LOOMIS, an individual; KIRK
CALVERT, an individual; and TONY
PALLADINO, an individual.

     Plaintiffs.

vs.

P. DAVID SOARES, an individual;
CHRISTOPHER P. BAYNES, an
individual; ALBANY COUNTY DISTRICT
ATTORNEY'S OFFICE, a political
subdivision; MARK HASKINS, an
individual; CITY OF ORLANDO,
FLORIDA, a municipal corporation; and
ALEX WRIGHT, an individual.

     Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs. SIGNATURE PHARMACY, INC., a Florida corporation

("SIGNATURE"). ROBERT STAN LOOMIS, an individual ("MR. STAN LOOMIS"),

KENNETH MICHAEL LOOMIS, an individual ("MR. MIKE LOOMIS"), NAOMI

LOOMIS, an individual ("MS. LOOMIS"), KIRK CALVERT, an individual ("MR.

CALVERT"). and TONY PALLADINO, an individual ("MR. PALLADINO") (MR.

STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, MR. CALVERT and MR.

PALLADINO at times shall be collectively referred to as the "Individual Plaintiffs"), by

counsel sue Defendants, P. DAVID SOARES, an individual ("Defendant SOARES"), CHRISTOPHER P. BAYNES, an individual ("Defendant BAYNES"), ALBANY COUNTY DISTRICT ATTORNEY'S OFFICE. a political subdivision ("Defendant ALBANY D.A."), MARK HASKINS. an individual ("Defendant HASKINS"), CITY OF ORLANDO. FLORIDA, a municipal corporation ("Defendant ORLANDO"), and ALEX WRIGHT, an individual ("Defendant WRIGHT") (Defendant SOARES, Defendant BAYNES, Defendant HASKINS. and Defendant WRIGHT at times shall be collectively referred to as "Individual Defendants"). and state:

## PARTIES

1.      SIGNATURE. a retail and compounding pharmacy, is a Florida corporation located in Winter Park. Orange County, Florida. SIGNATURE previously and at times material to this action also operated an additional pharmacy location in Orlando, Orange County, Florida.   (The two pharmacy locations at times shall be collectively referred to as the "Pharmacy Locations").

2.      Individual Plaintiffs. at all times material, were residents of Orange County, Florida, and are presently residents of Orange County, Florida.

3.      Defendant SOARES. currently the District Attorney for Albany County, New York. is over the age of 18. on information and belief is a resident of Albany County, New York, and is being sued in his individual capacity for his conduct that includes conduct in Orange County. Florida.

4.      Defendant BAYNES. currently an Assistant District Attorney for Albany County, New York, is over the age of 18. on information and belief is a resident of Albany County, New York, and is being sued in his individual capacity for his conduct

' that includes conduct in Orange County, Florida.

     5.     Defendant ALBANY D.A. is a political subdivision situated in Albany County, New York, and is responsible for the policies and conduct of its District Attorney and Assistant District Attorneys, including Defendant SOARES and Defendant BAYNES, who acted, at all times material, under the color of the statutes, ordinances, customs and usages of Defendant ALBANY D.A., and the State of New York. The actions by Defendant SOARES and Defendant BAYNES include actions by them in Orange County, Florida.

     6.     Defendant HASKINS, at all times material, was an investigator with New York's Bureau of Narcotics Enforcement, worked concurrent with and in connection with Defendant SOARES and Defendant ALBANY D.A. is over the age of 18, and is being sued in his individual capacity for his conduct that includes conduct in Orange County, Florida.

     7.     Defendant WRIGHT, at all times material, was employed by the Orlando Police Department and assigned as an agent to the Metropolitan Bureau of Investigation ("MBI"), is over the age of 18, on information and belief is a resident of Orange County, Florida, and is being sued in his individual capacity for his conduct.

     8.     Defendant ORLANDO is a municipal corporation situated in Orange County, Florida, and, through its law enforcement agency, the Orlando Police Department, is responsible for the policies and conduct of its officers, including Officer WRIGHT.

## VENUE AND JURISDICTION

9.     This is an action for damages that exceed $15,000.00, exclusive of attorneys' fees and costs.

10.     This action is proper in the Circuit Court in and for Orange County, Florida, as all material facts giving rise to these causes of action described herein occurred in Orange County, Florida, and the causes of action accrued in Orange County, Florida.

11.     This Court has personal jurisdiction over all of the Defendants. With respect to Defendant SOARES, Defendant BAYNES, Defendant ALBANY D.A., and Defendant HASKINS, this Court has personal jurisdiction pursuant to Section 48.193, Florida Statutes, because among other acts, said Defendants committed tortuous conduct in Orange County, Florida, and were engaged in substantial and not isolated activities within the state of Florida.

12.     Jurisdiction is conferred in the Circuit Court in and for Orange County, Florida, by Article V, Section 5(b) of the Florida Constitution to hear all state law claims including claims under the Constitution of the State of Florida. Concurrent jurisdiction is conferred in the Circuit Court in and for Orange County, Florida, by 28 U.S.C. § 1331, to decide cases presenting a question arising under the Constitution and the laws of the United States, and by 28 U.S.C. § 1343 (a)(3) and (4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution.

13.     This action is brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory . . . subjects

4

> or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

14.     All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

## FACTS

15.     MR. STAN LOOMIS, MR. MIKE LOOMIS, and MS. LOOMIS owned SIGNATURE at all times material, and MR. CALVERT and MR. PALLADINO were employed by SIGNATURE at all times material.

16.     On or about February 27, 2007, MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT were arrested and charged by indictment under New York law with unlawful sale of controlled substances, diversion of prescription medications, and enterprise corruption stemming out of a joint investigation by the Individual Defendants, MBI, and the Florida Attorney General's Office of Statewide Prosecution ("Statewide Prosecutor"). The joint investigation was named "Operation Which Doctor."

17.     Contemporaneously with the arrests, search warrants were executed at both of SIGNATURE's Pharmacy Locations.

18.     Defendant WRIGHT and Defendant ORLANDO were primarily in charge of the execution of the search warrants at SIGNATURE's Orlando Pharmacy Location.

19.     Defendant SOARES and Defendant BAYNES were present at SIGNATURE's Orlando Pharmacy Location for the execution of the search warrants.

20.     There was a vast media presence at SIGNATURE's Orlando Pharmacy

Location for the execution of the search warrants and arrests, including a reporter from the Albany Times Union who accompanied Defendant SOARES and Defendant BAYNES to Orlando for the raid of SIGNATURE's Orlando Pharmacy Location and the contemporaneous arrests.

21.     Upon information and belief, other media outlets were tipped off by the Individual Defendants or other involved law enforcement, as the media in some instances arrived at SIGNATURE's Orlando Pharmacy Location before law enforcement.

22.     At the Orlando Pharmacy Location, Defendant SOARES and Defendant BAYNES acted outside the scope and territory of their jurisdiction, and instead conducted themselves in an investigative capacity by detaining and questioning employees of SIGNATURE during the raid without any law enforcement personnel present.

23.     Defendant WRIGHT and Defendant ORLANDO knowingly permitted Defendant SOARES and Defendant BAYNES to act outside the scope and territory of their jurisdiction by providing them with: (a) unfettered access to SIGNATURE's Orlando Pharmacy Location and corporate offices where Defendant SOARES and Defendant BAYNES were free to review private prescription records and personal information of employees; (b) the opportunity to allow an imbedded reporter from the Albany Times Union to be present inside the SIGNATURE's Orlando Pharmacy Location and corporate offices to witness the raid and arrests; and (c) the opportunity to detain and question SIGNATURE employees (who were not under arrest) outside the presence of law enforcement and use intimidation techniques relating to said employees.

6

24.     During the raids and after the arrests were made, Defendant SOARES held a press conference outside of the entrance of SIGNATURE's Orlando Pharmacy Location to address the arrests and the raids.

25.     The simultaneous arrests and execution of the search warrants were the culmination of months of planning by the Individual Defendants.  Numerous in person meetings and telephone conferences involving the Individual Defendants occurred in Orange County, Florida, in a coordinated effort to create one case against the Individual Plaintiffs in Albany, New York, and a separate case in the state of Florida.

26.     In one in person meeting between the Individual Defendants and Statewide Prosecutor in Orange County, Florida, a plan was developed for the specific purpose of dividing the resources of SIGNATURE and forcing it and its principals to defend themselves in complex proceedings in two different jurisdictions with no opportunity to assert their rights under the Double Jeopardy Clause of the United States Constitution.  This plan was noted by Defendant HASKINS in an investigative report relating to SIGNATURE.

27.     The Individual Defendants made material misstatements of fact and law and omitted various material facts concerning their investigation of SIGNATURE and the Individual Plaintiffs, both in obtaining a wiretap that led to the search warrants securing the Albany indictments against the Individual Plaintiffs, and throughout the Albany County, New York, prosecution of the Individual Plaintiffs.

28.     For example, Defendant SOARES consistently misinformed the public that New York law required a physician to have a face to face diagnostic examination of a patient in order to prescribe controlled substances.

7

29.    By way of another example, Defendant BAYNES delayed the Albany County, New York, prosecution against the Individual Plaintiffs by seeking 4 separate indictments over 20 months, which indictments included ever changing charges and theories of prosecution in an effort to drain the resources of SIGNATURE and the Individual Plaintiffs. Certain charges were brought by Defendant SOARES, Defendant BAYNES and Defendant ALBANY D.A. without any basis whatsoever for jurisdiction. Other charges were brought without any evidence whatsoever to meet threshold elements. In fact, Defendant BAYNES, Defendant SOARES, and Defendant ALBANY D.A. were ultimately found by the presiding New York trial court to have confused the grand jury to such an extent that the integrity of the proceeding was impaired, and the New York charges against the Individual Plaintiffs were dismissed by the New York trial court without leave to return to another grand jury.

30.    As to Defendant WRIGHT, he falsely attributed a telephone conversation on the wiretap to MR. MIKE LOOMIS when he appeared before the Albany grand jury that returned the first New York indictment against MR. MIKE LOOMIS. Defendant WRIGHT also made false statements and material omissions in support of the probable cause needed to secure the wiretap (and, upon information and belief, the search warrants) from a Florida trial court for SIGNATURE.

31.    As to Defendant HASKINS, he threatened MR. PALLADINO with unsubstantiated criminal charges in New York if he did not provide incriminating evidence against MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT. He also made numerous false statements to the New York grand jury that caused MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR.

8

CALVERT to be arrested and prosecuted.

32.    The primary goal of the raids of SIGNATURE's Pharmacy Locations and the simultaneous arrests of MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT were to garner publicity for the Individual Defendants.

33.    Prior to the raids and arrests, New York counsel for MR. STAN LOOMIS and MS. LOOMIS suggested to Defendant SOARES, Defendant BAYNES, and Defendant ALBANY D.A. that if charges were pending in Albany County, New York, his clients would turn themselves in.    That suggestion was rebuffed by Defendant SOARES, Defendant BAYNES, and Defendant ALBANY D.A.

34.    During the actual course of the raids, SIGNATURE's employees were detained for several hours at a time despite asking on numerous occasions if they were free to leave.  During this unlawful detention, it was misrepresented to these employees, none of which had any charges pending against them, by Defendant SOARES and Defendant BAYNES that some of their fellow employees present at the raid would be going to jail so everyone should cooperate.   Many of these employees were then questioned by Defendant SOARES and Defendant BAYNES outside the presence of law enforcement.  These employees were not told they were free to leave and were not told they had the right to counsel.  Even after Defendant SOARES and Defendant BAYNES suggested the employees could leave following hours of detainment, the employees were further detained by Orlando Police Department officers in some instances for another 1 to 2 hours.

35.    Additionally, when Orlando Police Department officers employed by Defendant ORLANDO, including Defendant WRIGHT, went to search SIGNATURE's

· Pharmacy Locations, they illegally exceeded the scope of the search warrants and seized almost everything within the Pharmacy Locations.   Private prescription records for thousands of patients of thousands of physicians who wrote prescriptions for medications dispensed by SIGNATURE were seized.  Further, personal papers and personal items of the Individual Plaintiffs not related to the case were seized.  For example, documents needed by Defendant CALVERT to complete his federal income tax returns were seized and never returned despite numerous requests.  Corporate and privileged documents of SIGNATURE unrelated to the investigation were seized.  Most of the property has not been returned to SIGNATURE.

36.   In conjunction with the raids, Defendant WRIGHT indicated that MR. STAN LOOMIS, MR. MIKE LOOMIS, and MS. LOOMIS should come to SIGNATURE's Orlando Pharmacy Location to be arrested (and subjected to a highly-publicized "perp walk") instead of a local jail or police department where they could have been processed outside the presence of the media that were invited to cover the raids. Although Defendant WRIGHT indicated that MR. STAN LOOMIS, MR. MIKE LOOMIS, and MS. LOOMIS must come to SIGNATURE's Orlando Location to turn themselves in amongst the pandemonium of the media, and although Defendant SOARES and Defendant BAYNES flew into Orlando with a reporter from the Albany Times Union to witness the arrests, it was not until a day after the arrests that Defendant, ALBANY D.A. actually produced arrest warrants for MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT to the Orange County Jail.

37.   In a far different scenario, MR. CALVERT was escorted by officers from the Orlando Police Department into SIGNATURE's Orlando Pharmacy Location when

he drove up to the Pharmacy Location on the day of the raids. MR. CALVERT was then placed into a room where he was kept for several hours without being told if he was in custody or not. Once MR. CALVERT's counsel arrived, there was still no action taken to either arrest him or permit him to leave. MR. CALVERT's counsel met with Defendant SOARES and Defendant BAYNES and specifically asked if MR. CALVERT was free to leave. as MR. STAN LOOMIS, MR. MIKE LOOMIS, and MS. LOOMIS had already been arrested and transported to the Orange County Jail. Defendant SOARES and Defendant BAYNES advised that MR. CALVERT was free to leave. When MR. CALVERT's counsel attempted to escort MR. CALVERT from the Pharmacy Location and past the crowd of media, officers from the Orlando Police Department stopped MR. CALVERT and arrested him anyway.

38. Defendant HASKINS traveled to Orange County, Florida. to oversee the transport of MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT from the state of Florida to the state of New York. During such transport, Defendant HASKINS utilized intimidation tactics in dealing with MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT. Specifically. he made completely inappropriate sexual comments to MS. LOOMIS during the transport process to instill fear in her for her own safety and well-being.

39. Following the highly publicized arrests and extradition of MR. STAN LOOMIS. MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT, a derogatory media campaign by Defendant SOARES, Defendant BAYNES, Defendant ALBANY D.A. and Defendant HASKINS, and Defendant WRIGHT continued for the purposes of tainting potential jurors, destroying SIGNATURE and its business, and destroying the

Individual Plaintiffs.

40.     Defendant SOARES and Defendant BAYNES issued press releases, many of which continued to misstate the law of New York related to a face to face examination by a physician of a patient prior to prescribing controlled substances.   Defendant SOARES and Defendant ALBANY D.A. also made repeated inflammatory and defamatory statements about, and references to, the Individual Plaintiffs and SIGNATURE as the mafia and street level drug dealers, such that the New York trial court actually had to institute a gag order.  By way of example, when a man in Albany, New York, died and it was learned that he used steroids, Defendant SOARES and Defendant ALBANY D.A. time and time again tied the deceased man to the prosecution of SIGNATURE and the Individual Plaintiffs, even though the man was never found to have received steroids from SIGNATURE and the steroids found with the man were obviously not from SIGNATURE.

41.     Defendant BAYNES also set out to garner publicity for himself and his case at the expense of SIGNATURE and the Individual Plaintiffs by giving numerous interviews related to professional sports that cast SIGNATURE and the Individual Plaintiffs in a grossly negative light, including interviewing with the authors of a book, Steroid Nation.

42.     Defendant HASKINS took a similar path, giving numerous interviews that misstated facts related to SIGNATURE and the Individual Plaintiffs in an attempt to taint the public's views (and the views of potential jurors) of SIGNATURE and the Individual Plaintiffs.

43.     Defendant WRIGHT, upon information and belief, commented to the

media and indicated that teenage children were receiving steroids from SIGNATURE, despite the fact that he had no basis for such a defamatory comment. This comment eventually became part of the book, <u>Steroid Nation</u>.

44.     Although during the course of the Albany prosecution there were indictments that included SIGNATURE in the caption, the final indictment abandoned SIGNATURE from its caption. Despite not being a named defendant in the Albany prosecution, SIGNATURE was one of the main targets of the negative media campaign by Defendant SOARES, Defendant BAYNES, Defendant ALBANY D.A., and Defendant HASKINS.

45.     The Albany prosecution has been favorably terminated in that all charges set forth in the fourth indictment against the Individual Plaintiffs were dismissed with prejudice on September 11, 2008.

46.     All of the Defendants in this action acted in concert and collectively in effectuating the arrests of the Individual Plaintiffs, the raids of SIGNATURE's Pharmacy Locations, the decimation of SIGNATURE's business, the decimation of the reputations of the Individual Plaintiffs, and the violations of SIGNATURE'S and the Individual Plaintiff's rights.

47.     SIGNATURE and the Individual Plaintiffs suffered damages and costs in defending against the Albany prosecution and the continued prosecution against them.

48.     SIGNATURE and the Individual Plaintiffs have suffered damages by way of loss of business, loss of credit worthiness, physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, emotional and mental pain and suffering, humiliation, disgrace, injury to their feelings and reputation, and other

damages.

49.    MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and SIGNATURE have all also had to hire counsel related to their pharmaceutical licenses that are under review as a result of the raids, arrests, and negative media coverage prompted and coordinated by Defendants.

## COUNT I – 42 U.S.C. § 1983
### (DEFENDANT SOARES)

50.    This is a cause of action by Plaintiffs against Defendant SOARES only for violation of civil rights under 42 U.S.C. § 1983 and for damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

51.    Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 3, 9 through 14, and 15 through 49, as if more fully set forth herein.

52.    Plaintiffs have the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of their person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

53.    Additionally, Plaintiffs have the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

54.    On or about February 27, 2007, Defendant SOARES, under color of law, left his jurisdiction in Albany County, New York, traveled to the jurisdiction of Orlando, Orange County, Florida, accompanied by an imbedded reporter from the Albany Times Union, and deprived MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT of their rights under the United States Constitution, in violation of 42

U.S.C. § 1983, in that, without probable cause, he illegally caused them to be arrested, detained, and deprived of their liberty, thereby causing MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT to suffer physical and emotional pain and suffering. Defendant SOARES had no legal right to arrange for MR. STAN LOOMIS, MR. MIKE LOOMIS. MS. LOOMIS, and MR. CALVERT to be arrested, detained, and deprived of their liberty.

55.     In so doing. Defendant SOARES exceeded the scope and territorial jurisdiction of his position as Albany County District Attorney, which is further evidenced by his participation in the raids of the Pharmacy Locations and his detaining and interviewing of SIGNATURE employees at the Orlando Pharmacy Location during the raids and outside the presence of any law enforcement officers.

56.     Defendant   SOARES'   actions,   misstatements   of   facts   regarding SIGNATURE and the Individual Plaintiffs, and misstatements as to the law related to prescribing controlled substances in the state of New York also caused the Individual Plaintiffs to be prosecuted in Albany. New York, without probable cause, which Defendant SOARES allowed to continue without probable cause for 20 months.

57.     Throughout the course of the Albany prosecution, Defendant SOARES continued to deprive SIGNATURE and the Individual Plaintiffs of their right to a fair trial under the United States Constitution by persistently portraying them in a false light to the media in an effort to taint the public opinion of SIGNATURE and the Individual Plaintiffs, including the opinions of any potential jurors.

58.     The primary, obvious, and improper purpose of the illegal and wrongful detention was to deprive and infringe upon Plaintiffs' constitutional rights.

59. As a result of the actions of Defendant SOARES, Plaintiffs were deprived of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

60. The secondary, but equally improper purpose of the illegal and wrongful detention of the Individual Plaintiffs by Defendant SOARES was to garner national publicity and professional accolades for Defendant SOARES during an election year for his position with Defendant ALBANY D.A.

61. Defendant SOARES took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiffs.

62. Defendant SOARES knew that his actions would deprive Plaintiffs of their constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions. In fact, after the dismissal of the New York charges, Defendant SOARES boasted to the media that he had, at a minimum, disrupted the business of SIGNATURE and the Individual Plaintiffs.

63. As a direct result of Defendant SOARES' actions, Plaintiffs have suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of credit worthiness, loss of personal items, loss of their business, emotional and mental suffering, humiliation, disgrace, injury to their feelings and reputation, and other damages associated with the arrests of MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT and the prosecution of the Individual Plaintiffs, which exist to this day and which emotional suffering and damage is likely to continue into the future. Plaintiffs were also required to hire counsel to defend

themselves in the prosecution and continued prosecution and suffered damages as a result.

64.    Plaintiffs have also suffered damages as a result of their Fourth and Fourteenth Amendment rights being violated by Defendant SOARES.

65.    Plaintiffs have retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and are entitled to recover from Defendant SOARES a reasonable fee for said counsel's services pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs, SIGNATURE PHARMACY. INC., ROBERT STAN LOOMIS, KENNETH MICHAEL LOOMIS, NAOMI LOOMIS. KIRK CALVERT, and TONY PALLADINO, respectfully request this Court to take jurisdiction over this action and the parties to this action and enter a judgment against Defendant. P. DAVID SOARES, in his individual capacity, and in favor of Plaintiffs for damages and their attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws. Further. Plaintiffs request an award of punitive damages against Defendant. P. DAVID SOARES. individually. for his conduct. which would deter him and others from such conduct in the future.  Finally, Plaintiffs demand a trial by jury on all issues so triable.

## COUNT II – 42 U.S.C. § 1983
## (DEFENDANT BAYNES)

66.    This is a cause of action by Plaintiffs against Defendant BAYNES only for violation of civil rights under 42 U.S.C. § 1983 for damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

67.    Plaintiffs reassert and reallege the allegations set forth in paragraphs 1, 2, 4, 9 through 14, and 15 through 49, as if more fully set forth herein.

68.    Plaintiffs have the right under the Constitution of the United States to be

17

secure from unlawful searches or unlawful restraint of their person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

69. Additionally, Plaintiffs have the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

70. On or before February 27, 2007, Defendant BAYNES, under color of law, left the jurisdiction of Albany County, New York, traveled to the jurisdiction of Orlando, Orange County. Florida. accompanied by an imbedded reported from the Albany Times Union. and deprived MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT of their rights under the United States Constitution, in violation of 42 U.S.C. § 1983. in that, without probable cause, he illegally caused them to be arrested, detained. and deprived of their liberty, thereby causing MR. STAN LOOMIS, MR. MIKE LOOMIS. MS. LOOMIS, and MR. CALVERT to suffer physical and emotional pain and suffering. Defendant BAYNES had no legal right to arrange for MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT to be arrested, detained, and deprived of their liberty.

71. In so doing. Defendant BAYNES exceeded the scope and territorial jurisdiction of his position as an Assistant District Attorney for Albany County, which is further evidenced by his participation in the raids of the Pharmacy Locations and by his detaining and interviewing of SIGNATURE employees at the Orlando Pharmacy Location during the raids and outside the presence of any law enforcement officers.

72. Defendant BAYNES' actions, misstatements of facts regarding

SIGNATURE and the Individual Plaintiffs, and misstatements as to the law related to prescribing controlled substances in the state of New York also caused the Individual Plaintiffs to be prosecuted in Albany, New York, without probable cause, which Defendant BAYNES allowed to continue without probable cause for 20 months.

73.     Throughout the course of the Albany prosecution, Defendant BAYNES continued to deprive the Individual Plaintiffs of their right to a fair trial under the United States Constitution by persistently portraying Plaintiffs in a false light to the media in an effort to taint the public opinion of SIGNATURE and the Individual Plaintiffs, including the opinions of any potential jurors.

74.     The primary, obvious, and improper purpose of the illegal and wrongful detention was to deprive and infringe upon Plaintiffs' constitutional rights.

75.     As a result of the actions of Defendant BAYNES, Plaintiffs were deprived of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

76.     The secondary, but equally improper purpose of the illegal and wrongful detention by Defendant BAYNES was to garner national publicity and professional accolades for Defendant BAYNES.

77.     Defendant BAYNES took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiffs.

78.     Defendant BAYNES knew that his actions would deprive Plaintiffs of their constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

79.   As a direct result of Defendant BAYNES' actions, the Plaintiffs have suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of their business, emotional and mental suffering, humiliation, disgrace, injury to their feelings and reputation, and other damages associated with the arrests of MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT and the prosecution of the Individual Plaintiffs, which exist to this day and which emotional suffering and damage is likely to continue into the future.   Plaintiffs were also required to hire counsel to defend themselves in the prosecution and continued prosecution and suffered damages as a result.

80.   Plaintiffs have also suffered damages as a result of their Fourth and Fourteenth Amendment rights being violated by Defendant BAYNES.

81.   Plaintiffs have retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and are entitled to recover from Defendant BAYNES a reasonable fee for said counsel's services pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs, SIGNATURE PHARMARCY, INC., a Florida corporation, ROBERT STAN LOOMIS, KENNETH MICHAEL LOOMIS, NAOMI LOOMIS, KIRK CALVERT, and TONY PALLADINO, respectfully request this Court to take jurisdiction over this cause and the parties to this action and enter a judgment against Defendant, CHRISTOPHER P. BAYNES, in his individual capacity, and in favor of Plaintiffs for damages and their attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws.  Further, Plaintiffs request an award of punitive damages against Defendant CHRISTOPHER P. BAYNES, individually, for his conduct, which would deter him and others from such conduct in the future.  Finally, Plaintiffs demand a

20

trial by jury on all issues so triable.

## COUNT III – 42 U.S.C. § 1983
## (DEFENDANT ALBANY D.A.)

82.     This is a cause of action by Plaintiffs against Defendant ALBANY D.A. only for violation of civil rights under 42 U.S.C. § 1983 and for damages in excess of $15.000.00; exclusive of attorneys' fees and costs.

83.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1, 2, 5, 9 through 14, and 15 through 49, as if more fully set forth herein.

84.     Plaintiffs have the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of their person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth. Amendments to the United States Constitution.

85.     Additionally, Plaintiffs have the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

86.     At all times material, Defendant SOARES, as the District Attorney for Defendant ALBANY D.A., and Defendant BAYNES, as an Assistant District Attorney for Defendant ALBANY D.A., were acting in connection with and under the control of Defendant ALBANY D.A.

87.     Acting under color of law and pursuant to official policy or custom, Defendant ALBANY D.A. knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant SOARES and Defendant BAYNES in their duties to refrain from:

(a) unlawfully and maliciously prosecuting the Individual Plaintiffs;

21

(b) conspiring to violate the rights, privileges, and immunities guaranteed to SIGNATURE and the Individual Plaintiffs by the Constitution and laws of the United States; and

(c) otherwise depriving SIGNATURE and the Individual Plaintiffs of their constitutional and statutory rights. privileges. and immunities.

88.    Defendant ALBANY D.A. had knowledge, or should have had knowledge had it diligently exercised those duties to instruct, supervise, control, and discipline on a continuing basis -- that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant ALBANY D.A. had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly. recklessly. or with gross negligence failed or refused to do so.

89.    Defendant ALBANY D.A., directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant SOARES and Defendant BAYNES heretofore described.

90.    As a direct and proximate cause of the grossly negligent and intentional acts of Defendant ALBANY D.A. as set forth above. Plaintiffs have suffered physical injury. loss of income. and severe emotional and mental anguish in connection with the deprivation of their constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

91.    As a direct result of Defendant ALBANY D.A.'s actions and inactions. the Individual Plaintiffs have suffered damages. which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of

their business, loss of credit worthiness, emotional and mental suffering, humiliation, disgrace, injury to their feelings and reputation, and other damages associated with the arrests of MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT and the prosecution of SIGNATURE and the Individual Plaintiffs, which exist to this day and which emotional suffering and damage is likely to continue into the future.

92.    Plaintiffs were also required to hire counsel to defend themselves in the prosecution and continued prosecution and suffered damages as a result.

93.    Plaintiffs have also suffered damages as a result of their Fourth and Fourteenth Amendment rights being violated by Defendant ALBANY D.A.

94.    Plaintiffs have retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and are entitled to recover from Defendant ALBANY D.A. a reasonable fee for said counsel's services pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs, SIGNATURE PHARMACY, INC., ROBERT STAN LOOMIS, KENNETH MICHAEL LOOMIS, NAOMI LOOMIS, KIRK CALVERT, and TONY PALLADINO, respectfully request this Court to take jurisdiction over this action and the parties to this action and enter a judgment against Defendant, ALBANY COUNTY DISTRICT ATTORNEY'S OFFICE, and in favor of Plaintiffs for damages and their attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws. Finally, Plaintiffs demand a trial by jury on all issues so triable.

### COUNT IV – 42 U.S.C. § 1983
### (DEFENDANT HASKINS)

95.    This is a cause of action by Plaintiffs against Defendant HASKINS only for violation of civil rights under 42 U.S.C. § 1983 and for damages in excess of

$15,000.00, exclusive of attorneys' fees and costs.

96.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1, 2, 6, 9; through 14, and 15 through 49, as if more fully set forth herein.

97.     Plaintiffs have the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of their person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

98.     Additionally, Plaintiffs have the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

99.     On or after February 27, 2007, Defendant HASKINS, under color of law, traveled to the jurisdiction of Orlando, Orange County, Florida, and deprived MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT of their rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, without probable cause, he illegally caused them to be detained and deprived of their liberty, thereby causing MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT suffer physical and emotional pain and suffering.

100.    For example, Defendant HASKINS used improper intimidation during the transport of the Individual Plaintiffs to Albany, New York, including making improper sexual comments to and around MS. LOOMIS during her transport that were designed to intimidate her and instill a fear in her for her safety and well-being.

101.    Defendant HASKINS' actions, misstatements of the facts regarding SIGNATURE and the Individual Plaintiffs, and misstatements as to the law related to

prescribing controlled substances in the state of New York also caused the Individual Plaintiffs and SIGNATURE to be prosecuted in Albany, New York, without probable cause and Defendant HASKINS, in concert with Defendant SOARES and Defendant BAYNES, allowed the prosecution to continue without probable cause for 20 months.

102.   Throughout the course of the Albany prosecution, Defendant HASKINS continued to deprive Plaintiffs of their right to a fair trial under the United States Constitution by persistently portraying them in a false light to the media in an effort to taint the public opinion of Plaintiffs, including the opinions of any potential jurors.

103.   The primary, obvious and improper purpose of the illegal and wrongful detention was to deprive and infringe upon Plaintiffs constitutional rights.

104.   As a result of the actions of Defendant HASKINS, the Individual Plaintiffs were deprived of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

105.   Defendant HASKINS took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiffs.

106.   Defendant HASKINS knew that his actions would deprive Plaintiffs of their constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

107.   As a direct result of Defendant HASKINS' actions, Plaintiffs have suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of their business, emotional and mental suffering, humiliation, disgrace, injury to their feelings and reputation, and other

damages associated with the arrests of MR. STAN LOOMIS, MR. MIKE LOOMIS, MS.

LOOMIS, and MR. CALVERT and the prosecution of the Individual Plaintiffs, which

exist to this day and which emotional suffering and damage is likely to continue into the

future. Plaintiffs were also required to hire counsel to defend them in the prosecution and

continued prosecution and suffered damages as a result.

108.    Plaintiffs have also suffered damages as a result of their Fourth and

Fourteenth Amendment rights being violated by Defendant HASKINS.

109.    Plaintiffs have retained the undersigned counsel to bring this action under

42 U.S.C. § 1983 and are entitled to recover from Defendant HASKINS a reasonable fee

for said counsel's services pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs, SIGNATURE PHARMACY, INC., ROBERT STAN

LOOMIS, KENNETH MICHAEL LOOMIS, NAOMI LOOMIS, KIRK CALVERT, and

TONY PALLADINO, respectfully request this Court to take jurisdiction over this action

and the parties to this action and enter a judgment against Defendant, MARK HASKINS,

in his individual capacity, and in favor of Plaintiffs for damages and their attorneys' fees

and costs pursuant to 42 U.S.C. § 1988 and other applicable laws. Further, Plaintiffs

request an award of punitive damages against Defendant MARK HASKINS,

individually, for his conduct, which would deter him and others from such conduct in the

future. Finally, Plaintiffs demand a trial by jury on all issues so triable.

## COUNT V – 42 U.S.C. § 1983
### (DEFENDANT WRIGHT)

110.    This is a cause of action by Plaintiff against Defendant WRIGHT only for

violation of civil rights under 42 U.S.C. § 1983 and for damages in excess of $15,000.00,

exclusive of attorneys' fees and costs.

26

111.   Plaintiffs reassert and reallege the allegations set forth in paragraphs 1, 2, 7, 9 through 14, and 15 through 49, as if more fully set forth herein.

112.   Plaintiffs have the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of their person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

113.   Additionally, Plaintiffs have the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

114.   On or about February 27, 2007, Defendant WRIGHT, under color of law, secured search warrants for SIGNATURE as part of the agreed upon plan of the Individual Defendants and Statewide Prosecutor to have simultaneous raids and arrests in an effort to deplete SIGNATURE's resources and thereby impair its ability to defend itself and the Individual Defendants in both New York and Orlando.

115.   On February 27, 2007, Defendant WRIGHT, as the lead agent supervising the raid of the Orlando Pharmacy Location, permitted an imbedded reporter from the Albany Times Union to accompany Defendant SOARES and Defendant BAYNES into the Orlando Pharmacy Location, despite the fact that Defendant WRIGHT had knowledge that private patient information would be located at the Orlando Pharmacy location.

116.   Defendant WRIGHT also permitted Defendant SOARES and Defendant BAYNES to detain, question, and intimidate SIGNATURE employees (who were not under arrest) outside the presence of law enforcement.

27

117.   In arresting MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT, Defendant WRIGHT deprived them of their rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, without probable cause, Defendant WRIGHT illegally caused them to be arrested, detained, and deprived of their liberty, thereby causing MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT physical and emotional pain and suffering.

118.   Defendant WRIGHT had no legal right to arrange for MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT to be arrested or detained as he knew that his own misstatements and material omissions played a key role in the search and arrest warrants.

119.   Moreover, Defendant WRIGHT, without probable cause and exceeding the scope of the illegally obtained search warrants, illegally seized many items not encompassed in the deliberately broad search warrants, including personal items that have never been returned.

120.   Defendant WRIGHT's actions, misstatements, and material omissions also caused the Individual Plaintiffs to be prosecuted without probable cause, and Defendant WRIGHT, in concert with Defendant SOARES, prompted the initiation of an Albany prosecution and continued prosecution without probable cause for 20 months.

121.   The primary, obvious and improper purpose of the illegal and wrongful detention and search and seizure was to deprive, and infringe upon Plaintiffs' constitutional rights.

122.   As a result of the actions of Defendant WRIGHT, Plaintiffs were deprived of their rights under the Fourth and Fourteenth Amendments to the United States

Constitution.

123.   Defendant WRIGHT took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiffs.

124.   Defendant WRIGHT knew that his actions would deprive Plaintiffs of their constitutional rights. but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

125.   As a direct result of Defendant WRIGHT's actions, Plaintiffs have suffered damages. which include physical inconvenience. physical discomfort and pain. loss of time. loss of income. loss of personal items, loss of their business, emotional and mental suffering. humiliation, disgrace. injury to their feelings and reputation. and other damages associated with the arrests of MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS. and MR. CALVERT and the prosecution of the Individual Plaintiffs. which exist to this day and which emotional suffering and damage is likely to continue into the future.

126.   Plaintiffs were also required to hire counsel to defend themselves in the prosecution and continued prosecution and suffered damages as a result.

127.   Plaintiffs have also suffered damages as a result of their Fourth and Fourteenth Amendment rights being violated by Defendant WRIGHT.

128.   Plaintiffs have retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and are entitled to recover from Defendant WRIGHT a reasonable fee for said counsel's services pursuant to 42 U.S.C. § 1988.

29

WHEREFORE. Plaintiffs, SIGNATURE PHARMACY. INC., a Florida corporation, ROBERT STAN LOOMIS, KENNETH MICHAEL LOOMIS; NAOMI LOOMIS, KIRK CALVERT. and TONY PALLADINO, respectfully request this Court to take jurisdiction over this action and the parties to this action and enter a judgment against Defendant, ALEX WRIGHT, in his individual capacity. and in favor of Plaintiffs for damages and their attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws.   Further. Plaintiffs request an award of punitive damages against Defendant, ALEX WRIGHT. individually. for his conduct, which would deter him and others from such conduct in the future.  Finally, Plaintiffs demand a trial by jury on all issues so triable.

### COUNT VI – 42 U.S.C. §§ 1983 AND 1985
### (INDIVIDUAL DEFENDANTS)

129.    This is a cause of action by Plaintiffs against all of the Individual Defendants only for violation of civil rights under 42 U.S.C. § 1983 and for damages in excess of $15,000.00. exclusive of attorneys' fees and costs.

130.    Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 4. 6, 7, 9 through 14. and 15 through 49. as if more fully set forth herein.

131.    Plaintiffs have the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of their person and liberty; which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

132.    Additionally, Plaintiffs have the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

133. As a result of the concerted unlawful conspiracy of the Individual Defendants, Plaintiffs were deprived of their right to equal protection of the laws, the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

134. The primary, obvious and improper purpose of the illegal and wrongful detention and search and seizure was to deprive and infringe upon the Individual Plaintiffs' constitutional rights.

135. As a result of the coordinated actions of the Individual Defendants, Plaintiffs were deprived of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

136. Defendants took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of the Individual Plaintiffs.

137. The Individual Defendants knew that their actions would deprive the Individual Plaintiffs of their constitutional rights. Indeed that was the stated purpose of the simultaneous Florida raids and New York arrests. Despite this knowledge by the Individual Defendants, they proceeded with the unlawful actions with willful disregard for the consequences of their actions.

138. As a direct result of the concerted efforts of the Individual Defendants, Plaintiffs have suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of their business, emotional and mental suffering, humiliation, disgrace, injury to their feelings and reputation, and other damages associated with the arrests of MR. STAN LOOMIS,

MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT and the prosecution of the Individual Plaintiffs, which exist to this day and which emotional suffering and damage is likely to continue into the future.

139.   Plaintiffs were also required to hire counsel to defend themselves in the prosecution and continued prosecution and suffered damages as a result.

140.   Plaintiffs have also suffered damages as a result of their Fourth and Fourteenth Amendment rights being violated by the conspiracy of the Individual Defendants.

141.   Plaintiffs have retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and are entitled to recover from the Individual Defendants a reasonable fee for said counsel's services pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs, SIGNATURE PHARMACY, INC., a Florida corporation ("SIGNATURE"), ROBERT STAN LOOMIS, KENNETH MICHAEL LOOMIS, NAOMI LOOMIS, KIRK CALVERT, and TONY PALLADINO, respectfully request this Court to take jurisdiction over this action and the parties to this action and enter a judgment against Defendants, P. DAVID SOARES, CHRISTOPHER P. BAYNES, MARK HASKINS, and ALEX WRIGHT, jointly and severally, and in favor of Plaintiff's for damages and their attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws. Further, Plaintiffs request punitive damages against Defendants, P. DAVID SOARES, CHRISTOPHER P. BAYNES, MARK HASKINS, and ALEX WRIGHT, jointly and severally, for their conduct, which would deter them and others from such conspiratorial conduct in the future. Finally, Plaintiffs demand a trial by jury on all issues so triable.

## COUNT VII – 42 U.S.C. § 1983
## (DEFENDANT ORLANDO)

142.   This is a cause of action by Plaintiffs against Defendant ORLANDO only for violation of civil rights under 42 U.S.C. § 1983 and for damages in excess of $15,000.00. exclusive of attorneys' fees and costs.

143.   Plaintiffs reassert and reallege the allegations set forth in paragraphs 1, 2, 8, 9 through 14. and 15 through 49. as if more fully set forth herein.

144.   Plaintiffs have the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of their person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

145.   Additionally. Plaintiffs have the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

146.   At all times material. Defendant WRIGHT, an officer of the Orlando Police Department, was acting in connection with and under the control of Defendant ORLANDO.

147.   Acting under color of law and pursuant to official policy or custom, Defendant ORLANDO knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant WRIGHT in his duties to refrain from:

(a) conspiring to violate the rights, privileges, and immunities guaranteed to SIGNATURE and the Individual Plaintiffs by the Constitution and laws of the United

States; and

(b) otherwise depriving SIGNATURE and the Individual Plaintiffs of their constitutional and statutory rights, privileges, and immunities.

148.    Defendant ORLANDO had knowledge, or should have had knowledge -- had it diligently exercised those duties to instruct, supervise, control, and discipline on a continuing basis -- that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

149.    Defendant ORLANDO had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

150.    Defendant ORLANDO directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant WRIGHT in conspiring with Defendant SOARES and Defendant BAYNES to deprive SIGNATURE and the Individual Plaintiffs of their constitutional rights and thereafter depriving them of said rights as heretofore described.

151.    As a direct and proximate cause of the negligent and intentional acts of Defendant ORLANDO as set forth above, Plaintiffs have suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

152.    As a direct result of Defendant ORLANDO's actions and inactions, the Individual Plaintiffs have suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of

34

their business, loss of credit worthiness, emotional and mental suffering, humiliation, disgrace, injury to their feelings and reputation, and other damages associated with the arrests of MR. STAN LOOMIS, MR. MIKE LOOMIS, MS. LOOMIS, and MR. CALVERT and the prosecution of SIGNATURE and the Individual Plaintiffs, which exist to this day and which emotional suffering and damage is likely to continue into the future.

153.    Plaintiffs were also required to hire counsel to defend themselves in the prosecution and continued prosecution and suffered damages as a result.

154.    Plaintiffs have also suffered damages as a result of their Fourth and Fourteenth Amendment rights being violated by Defendant ORLANDO.

155.    Plaintiffs have retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and are entitled to recover from Defendant ORLANDO a reasonable fee for said counsel's services pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs, SIGNATURE PHARMACY, INC., ROBERT STAN LOOMIS, KENNETH MICHAEL LOOMIS, NAOMI LOOMIS, KIRK CALVERT, and TONY PALLADINO, respectfully request this Court to take jurisdiction over this action action and the parties to this action and enter a judgment against Defendant, THE CITY OF ORLANDO, FLORIDA, and in favor of Plaintiffs for damages and their attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws. Further, Plaintiffs demand a trial by jury on all issues so triable.

## COUNT VIII – INJURIOUS FALSEHOOD
### (DEFENDANT SOARES AND DEFENDANT ALBANY D.A.)

156.    This is a cause of action by SIGNATURE against Defendant SOARES and Defendant ALBANY D.A. only for injurious falsehood seeking damages in excess of

$15,000.00. exclusive of attorneys' fees and costs.

157.    Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 3. 9 through 14, and 15 through 49, as if more fully set forth herein.

158.    On or about February 27, 2007, Defendant SOARES, under color of law, left his jurisdiction in Albany County. New York, and traveled to the jurisdiction of Orlando, Orange County, Florida. accompanied by an imbedded reporter from the Albany Times Union.

159.    On that day in Orange County, Florida, and on numerous occasions thereafter, Defendant SOARES and Defendant ALBANY D.A. communicated falsehoods about SIGNATURE, and its employees MR. STAN LOOMIS, MR. MIKE LOOMIS. MS. LOOMIS, MR. CALVERT, and TONY PALLADINO and the manner in which it conducted their business.

160.    For example, Defendant SOARES continuously indicated that SIGNATURE was an internet pharmacy even though SIGNATURE is and was a brick and mortar pharmacy and did not dispense medications as a result of people ordering them from SIGNATURE on the internet.

161.    By way of another example, Defendant SOARES, on the website for Defendant ALBANY D.A., falsely stated that SIGNATURE was "responsible for the illegal distribution of controlled substances consisting of steroids, Hydrocodone, Methadone, and Ritalin worth over a quarter million dollars to residents within Albany County." Not only did Defendant SOARES and Defendant ALBANY D.A. falsely attribute illegal conduct to a company that was not even ultimately accused of criminal wrongdoing by Defendant ALBANY D.A., they also falsely implicated SIGNATURE in

36

the illegal distribution of Hydrocodone, Methadone, and Ritalin, without any basis to assert that SIGNATURE even shipped those substances to Albany on a single occasion. Additionally, Defendant SOARES and Defendant ALBANY D.A. falsely quantified the financial impact on Albany County to bolster their credibility without any regard for the truth.

162.    As evidenced by a March 6, 2007, article, Defendant SOARES further falsely stated to a reporter from the Albany Times Union that: "[W]e were able to take down one of the country's largest pharmaceutical, steroid and human growth hormone distribution centers." At the time of the statement and to this day, SIGNATURE has had a current and active pharmacy license and was doing business.

163.    These and the numerous other falsehoods, including the false statement that New York law required a physician to have a face to face examination with a patient before prescribing controlled substances, were communicated by Defendant SOARES and Defendant ALBANY D.A. to third persons. In most instances, the dissemination of the press statements of Defendant SOARES and Defendant ALBANY D.A. were orchestrated with the knowledge and intent that the information would be the subject of local and national media coverage.

164.    Said falsehoods by Defendant SOARES and Defendant ALBANY D.A. constitute extrajudicial statements which were clearly expected to be disseminated by means of public communication.

165.    The falsehoods played a material and substantial part in inducing third parties who had business relationships with SIGNATURE to sever those relationships. As a result of these injurious falsehoods, SIGNATURE were damaged.

166.    Specifically, at the time of the raids, SIGNATURE dispensed medications for the patients of thousands of physicians. Following Defendant SOARES and Defendant ALBANY D.A. communication of falsehoods to the media, many of those physicians and their patients no longer used SIGNATURE. In addition, at the time of the raids, SIGNATURE was the consulting pharmacy for many dialysis clinics across Florida who severed their ties to SIGNATURE following the false disseminations by Defendant SOARES and Defendant ALBANY D.A.

167.    Additionally, SIGNATURE's Merchant Account was black listed following its provider learning of the false statements by Defendant SOARES and Defendant ALBANY D.A. that were disseminated in the media. SIGNATURE's corporate account with Federal Express was also suspended based upon the falsehoods that were communicated by Defendant SOARES and Defendant ALBANY D.A. The loss of its Merchant Account and Federal Express account caused damages to SIGNATURE in that it was unable to process credit card sales and efficiently ship to patients, which caused additional lost sales. Further, SIGNATURE was required to expend attorneys' fees in pursuing a civil action related to its black-listed Merchant Account.

168.    The false statements by Defendant SOARES and Defendant ALBANY D.A. were intended to disparage SIGNATURE and its employees and injure SIGNATURE's business relations with vendors, doctors, and patients by destroying their business reputations. In fact, after the dismissal of the New York charges, Defendant SOARES boasted to the media that he had, at a minimum, disrupted the business of SIGNATURE and the Individual Plaintiffs.

168.    In addition to the other damages set forth above, Plaintiffs were also required to hire counsel to defend themselves and their business reputation and suffered damages as a result.

WHEREFORE, Plaintiff, SIGNATURE PHARMACY, INC., respectfully request this Court to take jurisdiction over this action and the parties to this action and enter a judgment against Defendant, P. DAVID SOARES, in his individual capacity, and against Defendant ALBANY COUNTY DISTRICT ATTORNEY'S OFFICE and in favor of SIGNATURE for its special damages incurred. Further, SIGNATURE requests an award of punitive damages against Defendant, P. DAVID SOARES, individually, for his conduct, and against Defendant ALBANY COUNTY DISTRICT ATTORNEY'S OFFICE, for its conduct, which would deter them and others from such malicious conduct in the future. Finally, SIGNATURE demands a trial by jury on all issues so triable.

## COUNT IX – DEFAMATION
## (DEFENDANT SOARES AND DEFENDANT ALBANY D.A.)

169.    This is a cause of action by Plaintiffs against Defendant SOARES and Defendant ALBANY D.A. only for defamation seeking damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

170.    Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 3, 9 through 49, and 158 through 161, as if more fully set forth herein.

171.    On or about February 27, 2007, Defendant SOARES, under color of law, left his jurisdiction in Albany County, New York,  and traveled to the jurisdiction of Orlando, Orange County, Florida, accompanied by an imbedded reporter from the Albany Times Union.

172.    On that day in Orange County, Florida, and on numerous occasions thereafter, Defendant SOARES and Defendant ALBANY D.A. published false statements about SIGNATURE. MR. STAN LOOMIS. MR. MIKE LOOMIS, MS. LOOMIS, MR. CALVERT. and TONY PALLADINO.

173.    For example. on January 13, 2008, Defendant SOARES, was quoted in the Albany Times Union newspaper referring to MR. STAN LOOMIS and MS. LOOMIS as follows: "They're living the lifestyle of the Tony Montanas of the '70s and '80s because they're drug dealers". The article then noted that the quote was referring to the character made famous by Al Pacino in the movie Scarface.

174.    This was not the first occasion Defendant SOARES and Defendant ALBANY D.A. described Plaintiffs as "drug dealers" and used words such as "crackhouse" to describe SIGNATURE.  Those derogatory and inflammatory remarks began in an Albany Times Union article dated March 6, 2007, and were ongoing throughout the prosecution until a gag order was issued.  At the time of the gag order, Defendant SOARES. in an article discussing Plaintiffs. went so far as to compare the "internet-fueled industry to the powerful cocaine cartels of the 1980's."

175.    The false and inflammatory statements were made by Defendant SOARES and Defendant ALBANY D.A. without reasonable care for their truth or falsity.

176.    The defamatory statements by Defendant SOARES and Defendant ALBANY D.A. were made with ill will and intent to expose Plaintiffs to mental anguish, ridicule, humiliation, embarrassment, or obloquy, cause them to be avoided, and injure them in their professions.

177.    In most instances, the dissemination of the negative and inflammatory

press statements of Defendant SOARES and Defendant ALBANY D.A. were orchestrated with the knowledge and intent that the information would be the subject of local and national media coverage.

178. Said defamatory statements by Defendant SOARES and Defendant ALBANY D.A. constitute extrajudicial statements which were clearly expected to be disseminated by means of public communication.

179. The defamatory statements about SIGNATURE were intended to decimate SIGNATURE's reputation. injure it in its profession. and subject it to embarrassment and humiliation. SIGNATURE also lost relationships with vendors. patients. and physicians due to upon the defamatory statements of Defendant SOARES and Defendant ALBANY D.A.

180. Moreover, the defamatory statements by Defendant SOARES and Defendant ALBANY D.A. were intended to disparage the Individual Plaintiffs and subject them to mental anguish. personal embarrassment. ridicule. harassment, obloquy, and injury in their professions.

181. As a direct result of the false and intentionally hurtful statements of Defendant SOARES and Defendant ALBANY D.A.. Plaintiffs have suffered damages which include loss of income, loss of their business. loss of credit worthiness, injury to their feelings and reputation, and other damages which exist to this day and which emotional suffering and damage is likely to continue into the future.

182. In addition, Plaintiffs were also required to hire counsel to defend their diminished reputations and positions in their professions and suffered damages as a result.

WHEREFORE, Plaintiffs, SIGNATURE PHARMACY, INC., ROBERT STAN LOOMIS. KENNETH MICHAEL LOOMIS, NAOMI LOOMIS. KIRK CALVERT. and TONY PALLADINO. respectfully request this Court to take jurisdiction over this action and the parties to this action and enter a judgment against Defendant, P. DAVID SOARES. in his individual capacity. and against Defendant ALBANY COUNTY DISTRICT ATTORNEY'S OFFICE and in favor of Plaintiffs for the damages they have suffered. Further. Plaintiffs request an award of punitive damages against Defendant. P. DAVID SOARES. individually. for his conduct and Defendant ALBANY COUNTY DISTRICT ATTORNEY'S OFFICE. for its conduct. which would deter them and others from such malicious conduct in the future. Finally, Plaintiffs demand a trial by jury on all issues so triable.

## COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- CONSPIRACY (DEFENDANT SOARES, DEFENDANT BAYNES, DEFENDANT HASKINS AND DEFENDANT ALBANY COUNTY D.A.)

183.    This is a cause of action by the Individual Plaintiffs. Defendant SOARES, Defendant BAYNES, Defendant HASKINS, Defendant ALBANY D.A., for conspiracy to intentionally inflict emotional distress upon Individual Plaintiffs and for damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

184.    Individual Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 6, 9 through 12, 14 through 17, 19 through 29, 31 through 34, 36 through 42. 44, 46 through 49, 54 through 57, 70 through 72, 86 through 90. and 99 through 101, as if more fully set forth herein.

185.    Defendant SOARES, Defendant BAYNES, Defendant HASKINS, and Defendant ALBANY D.A. acted individually and in concert in repeatedly making false,

insulting, offensive, and inflammatory statements about Plaintiffs calculated to shame, humiliate and publically condemn SIGNATURE and the Individual Plaintiffs.

186.    Defendant SOARES. Defendant BAYNES, Defendant HASKINS, and Defendant ALBANY D.A., acting individually and in concert, intimidated the Individual Plaintiffs during the arrest and extradition process and during the course of the criminal proceeding, as well as the employees of SIGNATURE who were detained during the raids and subjected to coercive tactics in a further effort to shame, humiliate and publically condemn the Individual Plaintiffs.

187.    From the "perp walk" in Orange County, Florida, on February 27, 2007, to the comments following the dismissal of the charges, the conduct of Defendant SOARES, Defendant BAYNES, Defendant HASKINS, and Defendant ALBANY D.A., acting individually and in concert, had the direct and foreseeable consequence of marking the Individual Plaintiffs as illicit drug dealers in the minds of hundreds of millions of people.

188.    The national media campaign that was orchestrated by Defendant SOARES, Defendant BAYNES, Defendant HASKINS, and Defendant ALBANY D.A., acting individually and in concert, had the further consequence of making the Individual Plaintiffs and other employees of SIGNATURE into public pariahs, subjecting them to extreme and sustained public obloquy, causing them to endure harassment, insults, taunts, and subjecting them to vast negative scrutiny by the local and national media.

189.    As a result of the concerted unlawful conspiracy of the Individual Defendants, Individual Plaintiffs were subjected to extreme and outrageous conduct so that the Individual Defendants, SOARES, BAYNES, HASKINS, and ALBANY D.A. could seek public accolades and approval to advance their personal interests.

43

conspiratorial and outrageous conduct in the future.  Finally, Plaintiffs demand a trial by jury on all issues so triable.

### DEMAND FOR JURY TRIAL

Plaintiffs, SIGNATURE PHARMACY, INC., ROBERT STAN LOOMIS, KENNETH MICHAEL LOOMIS, NAOMI LOOMIS, KIRK CALVERT, and TONY PALLADINO, hereby demand a trial by jury on all issues so triable.

DATED this 3rd day of October, 2007.

STOVASH, CASE & TINGLEY, P. A.

By:        /s/ Robert J. Stovash      
Amy S. Tingley, Esquire
Florida Bar No. 0068871
Robert J. Stovash, Esquire
Florida Bar No. 0760320
SunTrust Center
200 South Orange Avenue, Suite 1220
Orlando, Florida 32801
Telephone: (407) 316-0393
Facsimile: (407) 316-8969
Attorneys for Plaintiffs