**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIGNATURE PHARMACY, INC.,**
**ROBERT STAN LOOMIS, KENNETH**
**MICHAEL LOOMIS, NAOMI LOOMIS,**
**KIRK CALVERT and TONY**
**PALLADINO,**

    **Plaintiffs,**

**-vs-**                   **Case No. 6:08-cv-1853-Orl-31GJK**

**P. DAVID SOARES, CHRISTOPHER B.**
**BAYNES, ALBANY COUNTY DISTRICT**
**ATTORNEY'S OFFICE, MARK HASKINS,**
**CITY OF ORLANDO, FLORIDA and**
**ALEX WRIGHT,**

    **Defendants.**

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, City of Orlando, Motion to Dismiss (Doc. 5) and Plaintiffs' response in opposition thereto (Doc. 17).

**I. Background**

Plaintiffs, Signature Pharmacy, Inc., Robert Stan Loomis, Kenneth Michael Loomis, Naomi Loomis, Kirk Calvert, and Tony Palladino (collectively, "Plaintiffs") filed this case against Defendants, P. David Soares, Christopher B. Baynes, Albany County District Attorney's Office, Mark Haskins, City of Orlando (the "City") and Alex Wright (collectively, "Defendants"),

alleging, *inter alia*, that Defendants deprived them of their constitutional and statutory rights in violation of 42 U.S.C. § 1983.

More specifically, Plaintiffs have alleged that on February 27, 2007, Defendants arrested Stan Loomis, Mike Loomis, Naomi Loomis, and Kirk Calvert pursuant to an indictment under New York law for unlawful sale of controlled substances, diversion of prescription medications, and enterprise corruption.  The New York indictment was apparently the product of a joint investigation conducted by the Albany County District Attorney's Office, the Metropolitan Bureau of Investigation ("MBI"), and the Florida Attorney General's Office of Statewide Prosecutor.

Plaintiffs contend that the foregoing arrests were conducted improperly and that Defendants, particularly the City and its agents, exceeded the scope of their search warrant by illegally seizing thousands of private patient prescription records, certain of Plaintiffs' personal tax and financial records, and certain privileged documents which were wholly unrelated to the investigation.  Plaintiffs further contend that Defendants ensured there would be a significant media presence at Signature Pharmacy during the arrests and that this adverse publicity has damaged Plaintiffs' reputations.

Notwithstanding the arrests and information gleaned from the seizure of Plaintiffs' records, the New York trial court found that the integrity of the grand jury proceedings had been comprised by the prosecution.  Because of prosecution's actions, Plaintiffs allege that the New York trial court dismissed the charges without leave to return to the grand jury.

In its four page motion, the City moves to dismiss Count VII of the Amended Complaint and contends that Plaintiffs have made only vague and conclusory allegations without any supporting facts to bolster their § 1983 claim.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

### III. Analysis

Contrary to the City's misplaced reliance on the unpublished decision in *Albra v. City of Fort Lauderdale*, 232 Fed. Appx. 885 (11th Cir. 2007), § 1983 claims, absent a claim of qualified immunity, are clearly not held to a higher standard of review than any other pleading under FED. R. CIV. P. 8.  *See*, *e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993); *Danley v. Allen*, 540 F.3d 1298, 1313-14 (11th Cir. 2008).

Upon review of the allegations contained in the Amended Complaint, the Court finds that Plaintiffs have easily satisfied the pleading requirements of FED. R. CIV. P. 8.  The City clearly has fair notice of Plaintiffs' claim and the grounds upon which it rests.  Furthermore, the City did not raise or address qualified immunity in its Motion to Dismiss.

### IV. Conclusion

For the foregoing reasons, Defendant's, City of Orlando, Motion to Dismiss (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 24, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE