**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIGNATURE PHARMACY, INC.,**
**ROBERT STAN LOOMIS, KENNETH**
**MICHAEL LOOMIS, NAOMI LOOMIS,**
**KIRK CALVERT and TONY**
**PALLADINO,**

    **Plaintiffs,**

-vs-                Case No. 6:08-cv-1853-Orl-31GJK

**P. DAVID SOARES, CHRISTOPHER B.**
**BAYNES, ALBANY COUNTY DISTRICT**
**ATTORNEY'S OFFICE, MARK HASKINS,**
**CITY OF ORLANDO, FLORIDA and**
**ALEX WRIGHT,**

    **Defendants.**

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Mark P. Haskins, Motion for Summary Judgment (the "Motion") (Doc. 124), Plaintiffs' response in opposition thereto (Doc. 201), Defendants' reply (Doc. 212), and Plaintiffs' supplemental response (Doc. 308).

**I. Overview**

The background and procedural history of this case are well known to the Court and the parties and need not be recounted here.[1] (Doc. 282, 287 and 315). In their Amended Complaint, Plaintiffs asserted the following claims against Haskins:[2]

---

[1] The Court's June 30, 2010 Order (Doc. 315) is incorporated by reference herein.

[2] As the Court has repeatedly noted, Plaintiffs' Amended Complaint is not a model pleading. (Doc. 287 at 4, n. 8 and 10). In particular, Plaintiffs assert in Count IV that Haskins deprived them

| Description of Claim | Asserted By | |
|---|---|---|
| § 1983 claim for depriving plaintiffs of their right not to be arrested or detained without probable cause, in violation of the Fourth Amendment (Counts IV – "Unlawful Arrest") | Individual Plaintiffs (except Palladino) | (Doc. 3, ¶ 99) |
| § 1983 claim for conspiring to violate Plaintiffs' rights under the Fourth and Fourteenth Amendments (Count VI – "Unlawful Conspiracy") | All Plaintiffs | (Doc. 3, ¶¶ 129-135)* |
| Florida common law claim for conspiring to intentionally inflict emotional distress (Count X – "Conspiring to Intentionally Inflict Emotional Distress") | Individual Plaintiffs | (Doc. 3, ¶¶ 183-189) |

*Plaintiffs' § 1983 Unlawful Conspiracy claim has also been asserted against Defendants Wright, Soares, and Baynes. These Defendants have been denied qualified immunity on that claim. (Docs. 287 at 29-30 and 315 at 32-33).

In his Motion, Haskins contends that he is entitled to qualified immunity on Plaintiffs' Unlawful Arrest and Unlawful Conspiracy claims in Counts IV and VI. Furthermore, Haskins contends that he is entitled to a judgment as matter of law on Plaintiffs' claim for Conspiring to Intentionally Inflict Emotional Distress in Count X.

The Court has subject matter jurisdiction pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1367.

---

of their Fourth and Fourteenth Amendment rights to be "secure from unlawful searches or unlawful restrain[s]," (Doc. 3, ¶ 97), but then go on to assert – in the same count – that Plaintiffs have also been prosecuted "without probable cause" and that they were deprived of their "right to a fair trial." (Doc. 3, ¶¶ 101-102). The elements of a claim for malicious prosecution (or a § 1983 claim for defamation in connection therewith, *see Marrero v. City of Hialeah*, 625 F.2d 499 (5th Cir. 1980)), however, are not clearly delineated and the Sixth Amendment to the U.S. Constitution is never referenced. Assuming, however, that Plaintiffs have asserted these claims, there has not, *inter alia*, been a favorable termination of the New York criminal proceedings and the New York State Court has not attempted to impanel a jury. Accordingly, neither claim is ripe. *See, e.g.*, *Kingsland v. City of Miami*, 382 F.3d 1220, 1234-45 (11th Cir. 2004) (noting that § 1983 claim for malicious prosecution requires a "bona fide termination" in the plaintiff's favor); *Powers v. Coe (Powers I)*, 728 F.2d 97 (2d Cir. 1984) (delineating § 1983 for deprivation of Sixth Amendment right to impartial trial and noting, *inter alia*, that a plaintiff must demonstrate that other remedies – e.g., voir dire, challenges for cause, and change of venue – were not available or ineffective); *see also Powers v. Coe (Powers II)*, 769 F.2d 72 (2d Cir. 1985).

## II. Applicable Law

### A. Summary Judgment

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the

motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59.

### B. 42 U.S.C. § 1983

Actions to remedy a violation of the U.S. Constitution by a state actor are enabled through 42 U.S.C. § 1983. To sustain a § 1983 claim, a plaintiff must establish that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See*, *e.g.*, *Wideman v. Shallowford Community Hosp. Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)). Therefore, the first step in analyzing a § 1983 claim is to identify the specific constitutional right allegedly violated by the defendant. *Id*. Once the constitutional right is identified, the court must then apply the standard applicable to that particular provision to determine whether a constitutional violation actually occurred. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

### C. Qualified Immunity

The doctrine of qualified immunity protects government and law enforcement officials from civil liability in the performance of "discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Assuming the official can establish that he was acting within the scope of his discretionary authority, the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate. Under *Saucier v.*

*Katz*, 533 U.S. 194 (2001), and *Pearson v. Callahan*, 555 U.S. - - -, 129 S. Ct. 808 (2009), an official is entitled to qualified immunity unless the plaintiff can demonstrate that: (1) the facts viewed in the light most favorable to the plaintiff establish a constitutional violation; and (2) the right at issue was "clearly established" at the time of the official's alleged misconduct.[3] *Pearson*, 129 S. Ct. at 815-16 (citing *Saucier*, 533 U.S. at 201); *see also*, *e.g.*, *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).

A government official acts within the scope of his discretionary authority if his actions were: (1) undertaken pursuant to the performance of his duties; and (2) within the scope of his authority. *See*, *e.g.*, *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995). To establish these requirements, there must be more than "a bald assertion by the defendant that the complained-of actions were undertaken pursuant to the performance of his duties and within the scope of his discretionary authority; there must be a showing by competent summary judgment materials of objective circumstances that would compel that conclusion." *Barker v. Norman*, 651 F.2d 1107, 1124-25 (5th Cir. Unit A July 30, 1981).[4]

Within the Eleventh Circuit, a plaintiff may only rely on decisions of the U.S. Supreme Court, the Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose, for purposes of demonstrating that the right at issue was "clearly established." *See*, *e.g.*, *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007); *Wilson v. Strong*, 156 F.3d 1131, 1135 (11th Cir.

---

[3]Courts now have discretion to decide which prong of the inquiry to address first. *Pearson*, 129 S. Ct. at 818; *Rehberg v. Paulk*, 598 F.3d 1268, 1277 (11th Cir. 2010).

[4]All decisions of the former Fifth Circuit handed down prior to October 1, 1981 are binding precedent within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

1998). However, the Eleventh Circuit has suggested that where a violation occurs in another jurisdiction, a plaintiff may rely on that jurisdiction's sources of law. *See*, *e.g.*, *Danley v. Allen*, 540 F.3d 1298, 1313 (11th Cir. 2008) ("a legal principle announced by a decision from a court with jurisdiction over the place where the violation of rights was committed" may serve to notify a public official that his actions will violate a constitutional right); *Goebert v. Lee County*, 510 F.3d 1312, 1330 (11th Cir. 2007) (recognizing "factually similar cases already decided by state and federal courts in the relevant jurisdiction" as "sources of law that would put a government official on notice of statutory or constitutional rights"). Within the Second Circuit, courts must look to decisions of the U.S. Supreme Court and the Second Circuit Court of Appeals. *See*, *e.g.*, *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004); *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003); *Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998).[5]

### III. Discussion

#### A. Count IV – Unlawful Arrest Pursuant to § 1983

Haskins was not present in Orlando, Florida on February 27, 2007 when Plaintiffs were arrested (Haskins was in Palm Beach, Florida, conducting a raid on an alleged co-conspirator of Signature). Furthermore, at the time Haskins led the transport of the Loomises and Calvert from Florida to New York, Plaintiffs had already been arrested and had waived extradition to New York. In short, there is simply no evidence that Haskins ever arrested, or participated in any arrest of, Plaintiffs.[6]

---

[5] The parties failed to address whether Second Circuit or Eleventh Circuit precedent should be used in determining whether the rights at issue here were "clearly established."

[6] Furthermore, Plaintiffs have not identified a single case in which the transfer of a detainee or prisoner from a correctional facility to the custody of another State's officer (or to transport company) – for purposes of extradition – amounted to a subsequent "arrest" of the detainee. Inasmuch as Haskins never arrested Plaintiffs, his status as only a "peace officer" under New York law is of no moment.

Accordingly, Haskins is entitled to a judgment as a matter of law on Plaintiffs' Unlawful Arrest claim in Count IV.

### B. Count VI – Unlawful Conspiracy Claim Pursuant to § 1983

As the Court noted in its prior Orders, Plaintiffs have not asserted a conspiracy claim pursuant to § 1985 – their Unlawful Conspiracy claim is predicated solely on § 1983. (Doc. 287 at 29). Like the other New York Defendants and Wright, other than a single conclusory paragraph in his reply, (Doc. 212 at 9), Haskins failed to address Plaintiffs' Unlawful Conspiracy claim in his Motion.

Accordingly, Haskins' Motion will be denied as to Plaintiffs' Unlawful Conspiracy claim in Count IV.

### C. Count X – Conspiracy to Intentionally Inflict Emotional Distress Under Florida Common Law

Haskins certainly does not appear to have comported himself as a gentlemen during the transport of Plaintiffs' to Albany, New York, but as the Court stated in its prior Order: "[T]he Court cannot conclude as a matter of law that, *inter alia*, Haskins' conduct in targeting the "girl with the big tits" – coupled with his other conduct during the flight to Albany – would lead an average member of the community to exclaim 'Outrageous!'" (Doc. 315 at 37).

Accordingly, Haskins' Motion will be granted as to Count X.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that:

1. Defendant Mark P. Haskins' Motion for Summary Judgment (Doc. 124) is **GRANTED** in part and **DENIED** in part;

2. Defendant Mark P. Haskins is entitled to a judgment as a matter of law on Plaintiffs' Unlawful Arrest and Conspiracy to Intentionally Inflict Emotional Distress claims in Counts IV and X of the Amended Complaint; and

3. In all others respects, Defendant Mark P. Haskins' Motion for Summary Judgment (Doc. 124) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 30, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE