UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIGNATURE PHARMACY, INC.,
ROBERT STAN LOOMIS, KENNETH
MICHAEL LOOMIS, NAOMI LOOMIS,
KIRK CALVERT and TONY
PALLADINO,

        **Plaintiffs,**

-vs-                      Case No. 6:08-cv-1853-Orl-31GJK

P. DAVID SOARES, CHRISTOPHER B.
BAYNES, ALBANY COUNTY DISTRICT
ATTORNEY'S OFFICE, MARK HASKINS,
CITY OF ORLANDO, FLORIDA and
ALEX WRIGHT,

        **Defendants.**

_____

## ORDER

This matter comes before the Court without a hearing on the Motion for Entry of Final Judgment (Doc. 367) filed by Defendant Christopher Baynes ("Baynes"), the Motion for Entry of Order of Dismissal (Doc. 368) filed by Defendants P. David Soares ("Soares") and the Albany County District Attorney's Office ("Albany County"), and the responses in opposition (Doc. 369, 370) filed by the Plaintiffs.

**I.    Background**

In the Amended Complaint (Doc. 3), the Plaintiffs asserted three claims against Baynes: a 42 U.S.C. § 1983 claim (Count II), a 42 U.S.C. § 1985 claim (Count VI), and a state law claim for intentional infliction of emotional distress (Count X). As to Soares and Albany County, the

Plaintiffs asserted claims under Section 1983 and Section 1985 (Counts I, III, and VI), as well as state law claims for injurious falsehood (Count VIII), defamation (Count IX), and intentional infliction of emotional distress (Count X). In March 2010, these three defendants sought summary judgment under a variety of theories. (Doc. 161). On June 30, 2010, the Court granted summary judgment on the intentional infliction of emotional distress claim, but denied summary judgment "[i]n all other respects". (Doc. 315 at 38).

The Defendants appealed the denial of summary judgment as to the claims against them under Section 1983 and 1985. (Doc. 344). On February 2, 2012, the United States Court of Appeals for the Eleventh Circuit reversed this Court's "denial of summary judgment on all claims". (Doc. 350 at 3). On March 29, 2012, Baynes sought entry of final judgment in his favor (Doc. 367) while Albany County and Soares sought an order of dismissal in their favor (Doc. 368). The Plaintiffs oppose the requested relief.

The Plaintiffs contend that entry of judgment or dismissal is premature, in that one of their claims against these defendants remains unresolved. They contend that they asserted both Fourth and Fourteenth Amendment claims under Section 1983, and that summary judgment was denied as to both claims. They further assert that while the Court of Appeals reversed the denial of summary judgment as to their Fourth Amendment Section 1983 claim, the Court of Appeals did not reverse the denial of summary judgment as to the Fourteenth Amendment claim, which therefore remains viable.

The Fourteenth Amendment provides, in pertinent part, that no state shall deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. It is true that the Plaintiffs referred to the Fourteenth

Amendment in the counts in which they asserted Section 1983 claims.  For example, in Count I, which asserted a Section 1983 claim against Soares, the Plaintiffs announced that they had the right "under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of their person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution."  (Doc. 3 at 14).  Later in the same count, the Plaintiffs stated that, as a result of the actions of Soares, "Plaintiffs were deprived of their rights under the Fourth and Fourteenth Amendments to the United States Constitution".  (Doc. 3 at 15).  Similar assertions are made in the Section 1983 counts asserted against Baynes (Doc. 3 at 18, 19) and Albany County (Doc. 3 at 21, 23).

      Despite this, the Court finds that the Plaintiffs never proceeded (or attempted to proceed) under the Fourteenth Amendment.  The Amended Complaint contains scattered references to the Fourteenth Amendment, but the Plaintiffs are unable to identify any instance in which they actually laid out the elements and stated a claim under that amendment.  Moreover, the Court's review has not uncovered any such instances.  Nothing in the orders entered by this Court or by the Court of Appeals includes a reference to a Fourteenth Amendment claim or otherwise suggests that such a claim exists.  The Fourth Amendment was made applicable to states by the Fourteenth Amendment, *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), and perhaps this explains the references to both of these Amendments in the Plaintiffs' pleading.  But the Plaintiffs did not assert an independent Fourteenth Amendment claim.

      Moreover, as to the allegations set forth in the Amended Complaint, it does not appear that the Plaintiffs could have proceeded under the Fourteenth Amendment even if they had wished to do so.  Clearly, the gravamen of the Amended Complaint was the allegedly improper searches and

seizures for which the Defendants were responsible. The right to be free from unreasonable searches and seizures is protected by the Fourth Amendment, rather than the Fourteenth, and where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process found in the Fourteenth Amendment, must be the guide for analyzing the claim. *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Thus, as to the allegations made in the Amended Complaint, a Fourteenth Amendment claim would have been improper.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Entry of Final Judgment (Doc. 367) filed by Defendant Christopher Baynes and the Motion for Entry of Order of Dismissal (Doc. 368) filed by Defendants P. David Soares and the Albany County District Attorney's Office are **GRANTED**. The Clerk is directed to enter judgment in favor of Christopher Baynes and against the Plaintiffs as to all counts. The claims asserted as to Defendants P. David Soares and the Albany County District Attorney's Office asserted in Count I, Count III, and Count VI of the Amended Complaint are **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 8, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party