UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIGNATURE PHARMACY, INC.,
ROBERT STAN LOOMIS, KENNETH
MICHAEL LOOMIS, NAOMI LOOMIS,
KIRK CALVERT and TONY
PALLADINO,

                **Plaintiffs,**

-vs-                              Case No. 6:08-cv-1853-Orl-31GJK

P. DAVID SOARES, CHRISTOPHER P.
BAYNES, ALBANY COUNTY DISTRICT
ATTORNEY'S OFFICE, MARK HASKINS,
CITY OF ORLANDO, FLORIDA and
ALEX WRIGHT,

                 **Defendants.**
_____

# ORDER

This matter comes before the Court on the Motion for Entry of Judgment under Rule 54(b) (Doc. 373) filed by Defendant Mark Haskins ("Haskins") and the response in opposition (Doc. 374) filed by the Plaintiffs.

### I.    Background

On July 19, 2010, the Court entered an Amended Order (Doc. 338) granting summary judgment in favor of Haskins as to all claims that had been asserted against him. Around the same time, other defendants filed summary judgment motions, which were denied for the most part. On appeal, a number of those denials were reversed. As a result the Court recently dismissed some claims. The court also recently entered judgment as to certain other claims, including an

intentional infliction of emotional distress claim that had been asserted against Defendant Christopher Baynes ("Baynes"). Haskins now seeks entry of a certified final judgment in his favor, in accordance with Federal Rule of Civil Procedure 54(b).

**II.     Legal Standard**

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the [district] court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Rule 54(b) provides an exception to the general principle that a final judgment is only proper after the rights and liabilities of all the parties to the action have been adjudicated. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) (citing *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1024-25 (11th Cir. 1992)).

To determine whether there is any just reason to delay the appeal of individual final judgments, the district court must balance judicial administrative interests and relevant equitable concerns. *Id.* at 165-66 (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464-65, 64 L.Ed.2d 1 (1980)). Consideration of the former preserves the historic federal policy against piecemeal appeals, while the latter serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay. *Id.* (citations omitted).

> As these factors will often suggest contrary conclusions, Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. Recognizing that such circumstances will be

> encountered only rarely, we have previously counseled district courts to exercise
> the limited discretion afforded by Rule 54(b) conservatively.

*Id.* (internal quotations and citations omitted).

**III.     Analysis**

The only claims that remain pending in this action are state law claims for injurious falsehood and defamation against Defendants David Soares ("Soares") and the Albany County District Attorney's Office ("Albany County").  Haskins theorizes that (1) the Plaintiffs may decide to appeal the Court's recent entry of judgment in favor of Baynes on the intentional infliction of emotional distress claim and (2) the injurious falsehood and defamation claims against Soares and Albany County would likely not be tried until that appeal is concluded.[1]  Haskins contends that this litigation may be stretched out for another year or two because of the trial of the claims against Soares and Albany County, as well as the potential appeal of the claim against Baynes and – if the appeal were to be successful – the subsequent trial involving Baynes.  Only then, Haskins argues, will the Plaintiffs be permitted to appeal the granting of judgment in his favor – an appeal that, if successful, could result in a trial of the claims against him, years from now, that would in numerous respects be duplicative of the trial involving Soares and Albany County and the possible trial involving Baynes.

Though not entirely outside the realm of possibility, the scenario sketched out by Haskins seems extremely unlikely, and Haskins provides no evidence or analysis suggesting that either the Plaintiffs or the United States Court of Appeals for the Eleventh Circuit are likely to act in the

---

[1] Haskins offers no explanation as to why trial of the claims against Soares and Albany County would be delayed until after such an appeal of the claim against Baynes, and none is apparent to the undersigned.

manner he fears.² In addition, his concerns regarding the future course of this case – *i.e.*, extended delay and duplicative trials – are present in every case in which some but not all defendants prevail on summary judgment. Haskins offers no equitable concern or other consideration that would separate this case from every other case in which Rule 54(b) could be invoked. The Court therefore finds that he has failed to show that there is no just reason for delaying entry of judgment in his favor. Accordingly, it is hereby

**ORDERED** that the Motion for Entry of Judgment under Rule 54(b) (Doc. 373) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 7, 2012.

  _____
  **GREGORY A. PRESNELL**
  **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

---

²For their part, the Plaintiffs deny any intention of appealing the intentional infliction of emotional distress claim against Baynes. (Doc. 374 at 7).