UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIGNATURE PHARMACY, INC., ROBERT
STAN LOOMIS, KENNETH MICHAEL
LOOMIS, NAOMI LOOMIS, KIRK CALVERT
and TONY PALLADINO,

    Plaintiffs,

v.                                        Case No: 6:08-cv-1853-Orl-31TBS

P. DAVID SOARES, CHRISTOPHER P.
BAYNES, ALBANY COUNTY DISTRICT
ATTORNEYS OFFICE, MARK HASKINS,
CITY OF ORLANDO, FLORIDA and ALEX
WRIGHT,

    Defendants.

## ORDER

Pending before the Court is Plaintiffs' Motion for Sanctions against Defendant P. David Soares for Non-Disclosure and Intentional Shredding of Discoverable Documents and Bad Faith Filing. (Doc. 401). Defendants filed a response to the motion (Doc. 408), and Plaintiffs have filed a reply to Defendants' response. (Doc. 413). For the following reasons, the motion is due to be **GRANTED**.

### I. Background

In November 2005, authorities began investigating Signature Pharmacy, Inc. ("Signature") and its principals[1] for violations of federal and state statutes restricting the sale of prescription anabolic steroids and human growth hormone. (See Doc. 315). The investigation came to a head on February 27, 2007, when the Albany County, New York

---

[1] Signature is owned by Robert Stan Loomis, Naomi Loomis, and Kenneth Michael Loomis. Kirk Calvert and Tony Palladino were employees of Signature. These individuals are referred to collectively herein as the "Individual Plaintiffs" (all plaintiffs, including Signature, are referred to as "Plaintiffs").

District Attorney David P. Soares, one of his Assistant District Attorneys, and local law enforcement in Orlando raided Signature's premises, seized its property and arrested its principals. (Id.).

Despite what occurred in 2007, Plaintiffs have never been tried for any criminal wrongdoing. The State of Florida has formally declared that it will not prosecute, four New York indictments have been dismissed, and all of the property seized during the raids was ordered to be returned to Signature. (Id.). The Albany, New York criminal case is now on its fifth indictment. (Doc. 406 at 3). A New York trial court appointed a special prosecutor for the action due to Defendants' stake in this civil case, the Defendants have contested the appointment of the special prosecutor, and that matter is now before the New York Court of Appeals. (Id. at 4).

Plaintiffs brought this action in October of 2008, alleging civil rights violations, injurious falsehood, defamation, and conspiracy to inflict emotional distress. (Doc. 1). Today, Plaintiffs' state-law defamation and injurious falsehood claims are their only remaining causes of action. Those claims rely in part upon a story that appeared in the Albany Times Union newspaper in which Soares is quoted as saying that Stan and Naomi Loomis own multimillion dollar properties and a "fleet of expensive sports cars and boats," and that "[t]hey're living the lifestyle of the Tony Montanas of the '70s and '80s because they're drug dealers." (Doc. 315 at 21).

On October 16, 2008, Plaintiffs propounded a request for production to Soares in which they asked for:

> 35. All documents regarding or relating to any internal investigations of SOARES and any of the other Defendants by the State of New York, or any of its Bureaus, Departments, or by Albany County, New York, or any of its Bureaus,

> Departments, or Divisions, concerning any allegations of
> misconduct by said Defendants.

(Doc. 401-1).

Soares' January 12, 2009 response to the request (Doc. 401-2) states:

> 35.   These answering defendants object to this demand
> insomuch as it is seeking information and material unrelated in
> any way to this action.  Notwithstanding this objection, but
> subject to it, a thorough inquest as to this type of internal
> investigation has been made.  Upon information and belief,
> none exist.  If upon further investigation, internal investigations
> into the department are discovered within the past two (2)
> years, this response will be supplemented.

On or about June 23 and August 27, 2008, Soares received letters from the State of New York, Supreme Court, Appellate Division, Third Judicial Department, Committee on Professional Standards (the "Committee on Professional Standards") marked "CONFIDENTIAL. "  (Doc. 408-4).  The letters informed Soares of disciplinary action against him and the August 27, 2008 letter admonished Soares for the statements he made to the Albany Times Union newspaper.  The Committee on Professional Standards concluded that Soares' statements "constituted extrajudicial comments, likely to prejudice the pending criminal case, improper comments on the character, credibility or reputation of the defendants and an opinion about the guilt of the defendants."  (Id.)  Soares did not produce this letter in response to Plaintiffs' request for production.  (Doc. 401).

On March 9 and March 27, 2009, the Committee on Professional Standards sent Soares two additional letters regarding disciplinary action against him.  (Doc. 408-4). Those letters concern statements Soares made in an unrelated criminal case.  (Id.)

On May 9, 2012, the Supreme Court of the State of New York Appellate Division, Fourth Judicial Department publically censured Soares.  (Doc. 377-1).  The censure

includes references to the prior letters of admonition Soares had received for "making improper and prejudicial public statements regarding pending criminal matters." (Id.)

After the resolution of certain interlocutory appeals, Plaintiffs filed a motion to reopen discovery to depose Soares regarding the public censure and the letters of admonishment referenced in the censure. (Doc. 377 at 3). When they made the motion, Plaintiffs believed the second letter admonished Soares for his statements to the Albany Times Union. (Doc. 395 at 6). At a hearing on the motion, Plaintiffs' counsel expressly referred to the letters of admonishment and Plaintiffs' desire to depose Soares concerning the censure and the letters. (See Doc. 395). Defendants' argued that the letters and the subject of the letters were confidential, while Plaintiffs maintained that they were public documents. Plaintiffs' counsel admitted they could seek the letters from other sources but insisted that deposing Soares on the subject was necessary. (Id. at 9). The Court granted Plaintiffs' motion. (Doc. 391).

Plaintiffs scheduled Soares' deposition to occur in New York on August 24, 2012. (Doc. 397). The day before the deposition, Defendants filed an emergency motion for protective order asking the Court to issue an order preventing the parties from releasing any documents produced at the deposition to the public. (Id.). Defendants attached to their motion Plaintiffs' subpoena duces tecum, which commanded Soares to produce the letters of admonition. (Doc. 397-1 at 2). The Court held a telephonic hearing on the emergency motion and denied it. (Docs. 399, 402).

At his deposition, Soares testified that he did not have the letters of admonition and that he had destroyed them long before the deposition. (Doc. 401-3). Following Soares' deposition, the Defendants produced copies of the letters of admonition and they are now part of the record in this case. (Doc. 408-4).

The Defendants' Florida lawyer advises that he did not know Soares did not have the letters of admonishment until the morning of the deposition in New York. (Doc. 408). Soares' New York lawyer states that at the hearing on the emergency motion for protective order she said ". . . although I have been in touch with my client's attorney who handles the disciplinary proceeding and he has provided me with the portions of the file that are responsive. There are things that he does not have and my client does not have." (Doc. 402 at 9). Defendants note that counsel was "not given an opportunity to elaborate, nor did anybody ask any further what those documents were." (Doc. 408 at 4).

Plaintiffs are requesting sanctions against Soares for failing to produce the second admonishment letter in response to Plaintiffs' first request for production and for failing to inform the Court and Plaintiffs that Soares did not have the letters before counsel traveled to New York for the deposition. (Doc. 401).

## II. Discussion

Plaintiffs ask the Court to sanction Soares for his failure to produce the letters of admonishment, for his bad faith motion practice and for spoliation of evidence. (Doc. 401). As sanctions, Plaintiffs are seeking: (1) permission to present evidence at trial that Soares shredded the letters of admonition; (2) an instruction to the jury that it should determine that the letters were "highly adverse" to Soares; (3) that the Court strike Soares' denials of Plaintiff's allegations of defamation as they relate to the content of the second letter; and (4) an award of attorneys' fees and costs associated with Plaintiffs' motion to reopen discovery, Defendants' emergency motion for protective order, and this motion for sanctions. (Doc. 401at 17).

Plaintiffs first argue that under the Federal Rules of Civil Procedure Soares should have produced the letters or informed the parties that he did not have the letters prior to

- 5 -

his deposition. Plaintiffs contend that Soares has violated discovery Rule 26(e), which requires a party to supplement its disclosure or response if the party learns that the disclosure or response is incomplete or incorrect in some material way. Fed. R. Civ . P. 26(e). Federal Rule of Civil Procedure 37 governs a party's failure to make a disclosure or cooperate in discovery. Potential sanctions include ordering Soares' to pay Plaintiffs' reasonable attorney's fees and costs, informing the jury of Soares' discovery violation, or other appropriate sanctions, including those listed in 37(b)(2)(A).[2] Fed. R. Civ. P. 37(c). Plaintiffs, as the parties seeking sanctions, bear the burden of establishing a "failure to provide information . . . as required by Rule 26(e)." Fed. Civ. P. 37(c)(1). If the movant meets their burden, to avoid penalty the party facing sanctions must establish that the failure to disclose was "substantially justified" or "harmless." See Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009).[3]

Soares should have produced the second letter of admonishment in response to Plaintiffs' first request for production. Defendants insist that the first request for production is limited to documents concerning "internal investigations" by the State of New York, and the second letter does not constitute an internal investigation because it was not conducted by Soares' employer. (Doc. 408 at 7, 8). Defendants failed to make this argument in response to the request for production, at the hearing on Plaintiffs' motion to reopen discovery, in their motion for protective order, or at the hearing on the

---

[2] (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims, (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, (3) striking pleadings in whole or in part, (4) staying further proceedings until the order is obeyed, (5) dismissing the action or proceeding in whole or in part, (6) rendering default judgment against the disobedient party, or (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A).

[3] This is an unpublished opinion. "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

motion for protective order.  Now, the argument comes too late.

Plaintiffs' request to produce references documents received from the State of New York, its Bureaus, Departments and Divisions along with documents received from the County of Albany, New York and its Bureaus, Departments and Divisions.  Thus, the request is fairly read to include documents received from sources in addition to Soares' employer.  Soares never said he did not understand request number 35 and he has never asked that it be clarified.  Soares is himself a lawyer and he received the second letter of admonition after this case was filed and after Plaintiffs' made their first request for production.  He knew or should have known better than to destroy the letter and he should have produced it in response to Plaintiffs' request for production.  Thus, at a minimum, Soares' conduct violated Fed.R.Civ.P. 26(e).

Even if the second letter of admonishment had not been covered by Plaintiffs' request for production, it was clear at the July, 2012 hearing on Plaintiffs' motion to reopen discovery that Plaintiffs were seeking the letters and to depose Soares concerning those letters.  To fulfill their duty of candor to the Court, Soares and his counsel had a duty to inform Plaintiffs and the Court that he did not have the letters.  Soares should have also informed Plaintiffs' counsel before: (1) they scheduled his deposition in New York; (2) if they had not previously done so, then before, at, or immediately after the hearing on the motion for protective order; and (3) if they still had not done so, then before counsel travelled to New York to view letters Soares knew he didn't have.

Plaintiffs have met their burden under Rule 37(c)(1).  Defendants have offered no substantial justification for Soares' conduct and Soares' omission was not harmless.  The Plaintiffs expended time and money obtaining leave of Court to depose Soares and in preparation for a deposition that was frustrated when Soares announced that he did not

have the letters of admonishment.  If Soares had not destroyed the letter that concerns his statements to the Albany Times Union, if he had produced that letter as he was obliged to do under Rule 26, or if he had informed the Plaintiffs and the Court that he did not have the letters before Plaintiffs' attorneys flew to New York take his deposition, then Plaintiffs and their attorneys could have made a fully informed decision on how best to proceed.  Instead, Soares stayed mute on multiple occasions when he had an obligation to act.  Accordingly, Plaintiffs are entitled to recover their reasonable attorney's fees and costs incurred for preparing for Soares' deposition, traveling to New York to depose Soares, and filing this motion for sanctions.

Plaintiff also seeks sanctions for "bad faith motion practice," maintaining that Defendants acted in bad faith by filing the emergency motion for protective order for documents Soares did not possess.  (See Doc. 397).  The undersigned is unwilling to find on this record that Defendants' lawyers engaged in bad faith motion practice.  However, counsel for the Defendants should have asked Soares about the letters, and if he still had them, long before the emergency motion for protective order was filed.  And, Plaintiffs are entitled to fees incurred in opposing Defendants' motion under Rule 37(a)(5)(B), which provides that if a motion for protective order is denied, and if that motion was not substantially justified, the Court must award the opposing party their reasonable expenses incurred in opposing the motion.  The Defendants' emergency motion for protective order obviously concerned the letters of admonishment, but nowhere in it do Defendants reveal that Soares did not have the letters.  Defendants' lawyer did not disclose before, during or immediately after the hearing that Soares did not have the letters.  Because Defendants' were not in possession of the letters they sought to protect and their motion for protective order was not substantially justified, under Rule 37(a)(5)(B)

Plaintiffs are entitled to the costs and fees associated with opposing Defendants' emergency motion.  In addition, because the Court is granting Plaintiffs' motion for sanctions, they are also entitled to the fees and costs associated with preparing, filing and arguing that motion.

Plaintiffs argue that the Court should further sanction Soares for spoliation of evidence.  They are asking for severe sanctions, such as allowing Plaintiffs to submit evidence at trial concerning Soares' destruction of the letters, an adverse inference instruction, and that the Court strike Soares' denials of allegations in Plaintiffs' Amended Complaint.  In the Eleventh Circuit, an adverse inference is drawn from a party's failure to preserve evidence only if there is evidence of bad faith.  S.E.C. v. Goble, 682 F.3d 934, 947 (11th Cir. 2012) (citing Bashir v. Amtrak, 119 F3d 929, 931 (11th Cir. 1997)).  A court will not normally impose severe sanctions unless it finds that (1) the party exhibited a willful or bad faith failure to obey a discovery order, (2) the moving party was prejudiced by that violation, and (3) a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders.  Broadcast Music, Inc. v. Bourbon Street Station, Inc., No. 3:09-cv-468-J-25MCR, 2010 WL 11411584 at *2 (M.D. Fla. Mar. 23, 2010)(citing Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561, 571 (S.D. Fla. 2001)).  "A party is prejudiced by the absence of evidence only if the evidence is material, such that there is a reasonable probability that, had the evidence been introduced, the result of the proceeding would have been different."  U.S. v. McCray, 345 F. App'x 498, 501 (11th Cir. 2009) (discussing spoliation in civil cases)(citing United States v. Bagley, 473 U.S. 667, 679-82 (1985)).  Soares' destruction of the letters will not affect the outcome of this case because the letters were not permanently lost.  Defendants produced them as part of their response to Plaintiffs' motion for sanctions.

- 9 -

Therefore, Plaintiffs were not so prejudiced by Soares' conduct that the imposition of severe sanctions or sanctions for spoliation would be appropriate.

Now, the Court **GRANTS** Plaintiff's Motion for Sanctions against Defendant P. David Soares for Non-Disclosure and Intentional Shredding of Discoverable Documents and Bad Faith Filing (Doc. 401).  As a sanction, Plaintiffs shall recover from Soares their reasonable attorney's fees and costs for counsel's time spent in opposing Defendants' emergency motion for protective order; in deposing Soares on the censure and letters of admonition; and preparing and filing the motion for sanctions.  Pursuant to Rule 37(a)(5)(A), Plaintiffs shall file their affidavits and other evidence in support of their claim for attorneys' fees and costs within fourteen (14) days from the rendition of this Order and then Soares shall have fourteen (14) days to file his response in opposition to the amounts requested by Plaintiffs.

**ORDERED** in Orlando, Florida on the 10th day of October, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record