UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIGNATURE PHARMACY, INC., ROBERT
STAN LOOMIS, KENNETH MICHAEL
LOOMIS, NAOMI LOOMIS,  KIRK CALVERT
and TONY PALLADINO,

    Plaintiffs,

v.                                                          Case No.  6:08-cv-1853-Orl-31TBS

P. DAVID SOARES, CHRISTOPHER P.
BAYNES, ALBANY COUNTY DISTRICT
ATTORNEY'S OFFICE, MARK HASKINS,
CITY OF ORLANDO, FLORIDA and ALEX
WRIGHT,

    Defendants.

## ORDER

Previously, the Court granted Plaintiffs' Motion for Sanctions against Defendant P. David Soares for Non-Disclosure and Intentional Shredding of Discoverable Documents and Bad Faith Filing.[1]  As a sanction, the Court ordered Soares to pay Plaintiffs' reasonable attorneys' fees and costs for counsel's time spent opposing Defendants' emergency motion for protective order, deposing Soares on August 25, 2012, and preparing and filing Plaintiffs' motion for sanctions.[2]  The issue now before the Court is the amount of money to award to Plaintiffs.

This diversity action invokes the Court's jurisdiction under 28 U.S.C. § 1332.[3]

---

[1] Doc. 417.

[2] Id.

[3] Doc. 424.

Plaintiffs' remaining counts are Florida state law claims against Defendants for defamation and injurious falsehood.[4] When a claim for attorneys' fees is based upon state law claims and is raised in a diversity case, the federal court follows the substantive law of the state in making its determination.[5] Florida has adopted the federal lodestar approach to the calculation of a reasonable attorneys' fee.[6] The lodestar is calculated by multiplying the number of hours reasonably expended on the matter by the reasonable hourly rate for the services provided by counsel for the prevailing party.[7] In computing the lodestar amount, the Court must consider the factors enumerated in Rule 4-1.5(b) of the Florida Rules of Professional Conduct.[8] Once the Court determines the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained.[9] "[T]he fee

---

[4] Id.

[5] Trans Coastal Roofing Co., Inc. v. David Boland Inc., 309 F.3d 758, 760 (11th Cir. 2002).

[6] Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150-1151 (Fla. 1985).

[7] Id.; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam).

[8] See Florida Patient's Compensation Fund v. Rowe 472 So.2d 1145 (Fla. 1985). The factors to be considered as guides in determining a reasonable fee include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of efforts reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

[9] Assoc. Of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006)(citing Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983)).

applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[10]  "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"[11]  The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."[12]

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[13]  The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with prevailing market rates.[14]  Plaintiffs request $350 per hour for attorneys Robert J. Stovash, Amy S. Tingley and Scott A. Livingston, all of whom are shareholders in the firm of Stovash, Case & Tingely, P.A.[15]  (Doc. 418-1).  Stovash has practiced law since 1988, Tingley has practiced law since 1995, and Livingston has practiced law since 1997.[16]

---

[10] Hensley, 461 U.S. at 437.

[11] Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting Hensley, 461 U.S. at 436).

[12] Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

[13] Id. at 1299.

[14] Id.

[15] Doc. 418-1.

[16] Id.

Plaintiffs also request $150 per hour for paralegal Jayme Vazquez, whose qualifications were not provided.[17] Plaintiffs' total request is for $33,125 in attorney and paralegal fees plus $2,340.15 in costs.[18]

Plaintiffs filed the affidavits of Stovash and expert witness, Denis L. Durkin in support of their application.[19] Stovash attached his firm's billing records to his affidavit. Those records show by date the work that was performed, who did the work, and the amount of time recorded to do the work. They also include a breakdown of the costs for which reimbursement is sought.

Durkin became a member of the Georgia Bar in 1973, the California Bar in 1975, and the Florida Bar in 1989. He has examined Stovash, Case & Tingley, P.A.'s file and discussed the case with Stovash. Durkin believes the prevailing or market rate in this community for the work performed by Plaintiffs' attorneys is a minimum of $350 per hour and that a higher rate could reasonably be charged and justified. He also states that the law firm's paralegal rate is within the prevailing rate in this community. In Durkin's opinion, the time expended by Plaintiffs' attorneys and paralegal is reasonable in view of the issues involved and the results obtained and he concludes that Plaintiffs should be awarded the entire $33,125 in fees which they are requesting.

Soares has filed a memorandum in opposition, which includes the affidavit of

---

[17] Id.

[18] Doc. 418.

[19] Docs. 418-1 and 418-2.

expert witness Michael J. Roper.[20] Roper was admitted to the Florida Bar in 1985 and is a founding member of the law firm of Bell & Roper, P.A.[21] He has reviewed the relevant papers and believes the attorneys' fees requested by Plaintiffs are excessive and unreasonable.[22] In his opinion, the appropriate hourly rates in this case would range between $200 and $300 and fair rates for Plaintiffs' timekeepers are $300 per hour for Stovash; $250 per hour for Tingely; $225 for Livingston; and $90 for Vazquez.[23] Roper also states that the total hours claimed by Plaintiffs' counsel are not reasonable. He expresses concern (he is not certain), that Plaintiffs' time records include several duplicate entries; he says it would be unreasonable to charge Soares for both Stovash and Tingely traveling to Albany, New York for the Soares' deposition; and he notes that counsel practiced "block billing."[24] Roper's ultimate opinion is that the following is reasonable:

| Timekeeper | Hours | Rate | Fee |
| --- | --- | --- | --- |
| Stovash | 19.9 | $300 | $5,970 |
| Tingley | 34.1 | $250 | $8,525 |
| Livingston | 24.0 | $225 | $5,400 |
| Vazquez | 1.5 | $90 | $135 |

---

[20]Doc. 423.

[21]Doc. 423-1.

[22]Id.

[23]Id.

[24]Id.

                                                                      Total Fees        $16,051[25]

In addition to Roper's testimony, Soares opposes Plaintiffs' application on the ground that the Stovash and Durkin affidavits are insufficient because they do not provide the Court with a range of rates. The failure to include a range of rates is not determinative and here, the range is established by Durkin at the high end and Roper at the low end.

Soares is critical of Plaintiffs' affidavits because they do not speak to rates actually billed and paid in similar lawsuits. In Norman, the Eleventh Circuit stated that "satisfactory evidence [concerning attorneys' fees] necessarily must speak to rates actually billed and paid in similar lawsuits."[26] According to Durkin, the "market rate" for legal services similar to those provided by Plaintiffs' counsel is a minimum of $350 per hour. This is minimally sufficient to address the point. In addition, the Norman court went on to say "that reputation and experience are usually only proxies for skill, which in a rational economic environment is the ultimate determinant of compensation level."[27] This is not the only case in which the Court has worked with Stovash, Tingley, Durkin and Roper. The Court knows from its own experience that they are all knowledgeable and skilled litigation attorneys. The Court has relied on its opinion of Stovash and Tingley's skills in making its decision.

Soares believes the Durkin affidavit is conclusory and insufficiently detailed.

---

[25] Id.

[26] Norman, 836 F.2d at 1299.

[27] Id. at 1300.

The Court agrees that Durkin's affidavit is largely conclusory. This objection goes to weight. "The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge."[28]

The Court is regularly called upon to determine the reasonableness of attorneys' fees in the cases that come before it. The Court believes, based upon its ongoing experience, that it is knowledgeable concerning the hourly rates routinely charged and paid in this community in the types of cases that come before it. The Court's knowledge of Plaintiffs' attorneys and hourly rates in the Middle District of Florida is sufficient to fill in the gaps in the Stovash and Durkin affidavits. Based upon the affidavit testimony, the experience of Plaintiffs' attorneys, the location of their practice, and the Court's knowledge of market rates in Central Florida and the Middle District of Florida, the Court finds that $350 per hour is a reasonable rate for the services of Stovash, Tingley and Livingston. Because the Court lacks knowledge of Vazquez and her qualifications, and $150 per hour is at the high end of local paralegal rates, the Court adopts Roper's opinion that $90 per hour is a reasonable rate for Vazquez' services.

Next, the Court must determine the number of hours reasonably expended by Plaintiffs' counsel. The attorney fee applicant should present records detailing the amount of work performed. "Inadequate documentation may result in a reduction in

---

[28] Id. at 1299.

the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary."[29]  Once the applicant produces adequate billing records, the fee opponent "has the burden of pointing out with specificity which hours should be deducted."[30]  The billing records attached to Stovash' affidavit adequately detail the work performed and the individuals responsible for that work.

The Court should reduce the number of hours requested where the time is excessive, redundant or the work was unnecessary.[31]  Roper expresses concern that there may have been some duplication of work but he also acknowledges that any duplicate amounts may have been deducted by Stovash.[32]  The Court will not speculate and it will not make no deduction based upon the possibility of duplicated time.

Plaintiffs' counsel engaged in "block billing" which is the practice of grouping multiple tasks in a block summary under a single time entry.  "[T]he mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing."[33]  Plaintiffs' timekeepers recorded multiple tasks in relation to single time entries.  Based upon the descriptions of the work performed, the Court finds that,

---

[29] Rowe, 472 So.2d at 1150.

[30] Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 WL 939387 * 9 (M.D. Fla. January 25, 2012)(quoting Centex-Rooney Const. Co., Inc. V. Martin County, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999)).

[31] Norman, 836 F.2d at 1301.

[32] Doc. 423-1.

[33] Franklin v. Hartford Life Ins. Co., 8:07-cv-1400-T-23MAP, 2010 WL 916682, *3 (M.D. Fla. March 10, 2010).

for many of the entries, the tasks in question are intertwined or otherwise sufficiently related to one another to warrant summary in a single time entry.  However, this is not universally true.  Accordingly, while the Court finds the majority of time entries are sufficiently detailed so that it can determine how time was spent and that the amount of time expended for the tasks was reasonable, a reduction for block billing is appropriate.  Upon due consideration, the Court finds that a ten percent across the board reduction in the amounts claimed is appropriate to correct for this error.  The Court agrees with Soares that he should not be charged for two senior attorneys to prepare and travel to Albany, New York to attend his deposition.  However, the Court does not find by a preponderance of the evidence that Plaintiffs are attempting to charge him for Stovash and Tingley both attending his deposition.  Therefore, the Court will make no reduction premised on this argument.

Finally, Soares contends that this was a discrete matter unrelated to the general litigation and that while Plaintiffs prevailed on their motion for sanctions, their success is limited within the framework of the overall litigation.  The Court is not persuaded by this argument.  Plaintiffs prevailed on their motion for sanctions and they are entitled to be reimbursed for the reasonable value of their law firm's services regardless of the significance of Plaintiffs' victory in the grand scheme of the case.

Now, the Court finds the hours claimed, after a ten percent reduction for block billing, were reasonably expended in connection with this matter. Using the billing rates that the Court has determined are reasonable results in an award of $29,731.30 for the services of the Plaintiffs' attorneys and paralegal.

Plaintiffs also seek the following costs:

| | |
|---|---:|
| Airfare to Albany New York (Stovash and Tingley) | $1,080.50 |
| Rental of room for deposition | $255.40 |
| Cab fare in Albany, New York | $38.10 |
| Hearing Transcript--Emergency Motion | $67.90 |
| Soares' Deposition Transcript | $898.25 |
| Total Costs | $2,340.15[34] |

Of these amounts, Roper opines that $1,799.90 is reasonable.[35] This figure is arrived at by deducting one airfare for the trip to Albany, New York. The Court agrees with Roper and will award Plaintiffs $1,799.90 in costs that were reasonably necessary to depose Soares.

Now, Plaintiffs are awarded and shall recover from Soares $29,731.30 in professional fees and $1,799.90 in costs, totaling $31,531.20.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on December 21, 2012.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

---

[34] Doc. 418-1.

[35] Doc. 423-1.